PER CURIAM.
The mother appeals from an order modifying the final judgment of dissolution, transferring the custody of the parties’ youngest child from the mother to the father. She contends the fact that she has changed residences, the parties have experienced visitation difficulties, and both parties have remarried does not generally constitute a change of circumstances sufficient to justify a change in custody. We agree. McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984); Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984); Tallent v. Tallent, 440 So.2d 623 (Fla. 2d DCA 1983); Robinson v. Robinson, 333 So.2d 526 (Fla. 2d DCA 1976); and Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964), cert. denied, 166 So.2d 591 (Fla.1964). However, in addition to the factors already enumerated, the record in this case demonstrates that the parties’ youngest child is suffering emotional problems which have evolved since the divorce and which have been related to the present custodial arrangement by expert testimony. Moreover, the father presented testimony from an expert witness that a change in custody would likely alleviate the child’s problems and that a change would be in the child’s best interests. On these facts, we are persuaded to affirm.
AFFIRMED.
SMITH, SHIVERS and WIGGINTON, JJ., concur.