MILLS, Judge.
Donald appeals from an order which rescinded a restriction placed on him and Rhonda, as the parents of their minor child, from removing the child from the Fourteenth Judicial Circuit without prior written consent of the other parent or without first obtaining court approval. We affirm.
The marriage of Donald and Rhonda was dissolved on 12 May 1983. The final judgment incorporated the parties’ settlement agreement which established shared responsibility for the couple’s minor child and agreed that the child’s primary residence would be with the mother, subject to the father’s frequent and continuing contact.
*17 On 21 June 1983, at a time when the mother was experiencing personal problems and contemplating a move out of state, the trial court modified the final judgment in accordance with a stipulation by the parties. The stipulation changed the child’s primary residence from that of the mother to that of the father and prohibited the mother from removing the child from the Fourteenth Judicial Circuit without the father’s written consent or approval of the court.
After the mother’s situation stabilized, the parties stipulated on 27 September 1983 that the child’s primary residence would be that of the mother and that neither parent could remove the child from the Fourteenth Circuit without written consent of the other parent or consent of the court. The trial court again modified the final judgment.
On 27 June 1984 the mother petitioned for modification, seeking removal of the residency restriction. Following trial on 12 September and 15 September 1984, the trial court approved the modification and removed the Fourteenth Circuit residency restriction. The father appealed.
To justify the modification of a custody provision, there must be competent substantial evidence that there has been a substantial or material change in circumstances and that the best interests of the child will be promoted. McIntyre v. McIntyre, 452 So.2d 14, 16 (Fla. 1st DCA 1984).
The record adequately demonstrates the existence of a substantial change in the mother’s circumstances. The mother has remarried, her new husband’s job training and probable site of employment are in South Florida, and the mother has resigned her position in Panama City and has accepted a position in South Florida.
Whether the best interests of the child will be met by removing the residence restriction and allowing the mother to move the child to South Florida is a more troublesome question. The child would be leaving a stable, nurturing environment; an environment in which the child lives in close proximity to both parents and both sets of grandparents. The impact on the child of separation from the father and of living with the mother’s new husband is, of course, unknown.
We recognize that the trial court has the superior vantage point because it can observe the participants and events of the trial. The trial court’s decision was a matter of discretion. Discretion is abused only when the trial court’s decision is unreasonable. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We find no abuse of discretion.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.