489 So.2d 183 (1986)
Sherrie Y. MANUEL, Appellant,
v.
Douglas K. MANUEL, Appellee.
No. BI-26.
District Court of Appeal of Florida, First District.
May 29, 1986.
*184 Mitzi Cockrell Austin, of Scruggs & Carmichael, Gainesville, for appellant.
Margaret Blowers Anderson, Gainesville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order establishing that the parties' minor child shall spend a four month period of extended visitation with appellee. Because we conclude that the order effected a temporary modification as opposed to enforcement of the earlier order, and we find no indication that the lower court considered the best interest of the minor child with regard to the mandated visitation, we reverse the order appealed.
The parties' marriage was dissolved by a Georgia court in 1982, and the minor child, born in December 1980, remained in appellant's custody. Both parties moved to Florida, and the Georgia decree was established as a Florida judgment in August 1982 by an order which also provided for the child's visitation at appellee's residence every third week. Further proceedings ensued, including denial of visitation modification sought by appellant on allegations of the child's "severe psychological problems." Appellant thereafter moved with the child to Texas upon approval by the Florida court of the move by a February 1984 order, noting that the parties had agreed that neither would invoke the jurisdiction of any state other than Florida with regard to issues of child custody, support, or visitation. The order also specified that Florida would retain jurisdiction due to the court's "extensive knowledge of the facts of this case, which are unusual and extremely pertinent to what is in the best interest of the child."
After moving to Texas appellant filed an action in that state seeking modification of child support and visitation. The Texas court abated the action in November 1984, expressly deferring to the jurisdiction of the state of Florida.
Appellee then petitioned in Florida for a change of custody. Appellant unsuccessfully challenged the Florida court's jurisdiction. Before a determination on the merits of the custody petition appellee alleged that he had not seen the child for approximately eight months due to appellant's efforts to resist visitation, and requested that the court "enforce" its earlier visitation order by directing a four month period of extended visitation. This request was set for a hearing and appellant sought a continuance, asserting that she needed more than the nine days' notice provided to arrange for her attendance at the proceeding. A continuance was not granted and the hearing was held in appellant's absence, with testimony from appellee and argument by counsel for both parties. The court found that appellee had been deprived of visitation by appellant, and determined that this circumstance warranted a period of extended visitation substantially different from the schedule previously established. Based solely upon the motion and testimony from appellee who alleged he had not seen the child for eight months, and without indicating any consideration of the child's best interest or needs or conditions at the time of the hearing, the court in July 1985 ordered visitation as requested for four months.
The Florida court's assertion of jurisdiction is in accordance with section 61.1308(1)(b), Florida Statutes, inasmuch as the child and at least one contestant have a significant connection with, and there is substantial evidence in, the state of Florida. See generally, Johnson v. Farris, 469 So.2d 221 (Fla. 2d DCA 1985); Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980). Furthermore, section 61.1308(1)(d), Florida Statutes, provides an alternative basis for *185 jurisdiction since the Texas court deferred to the jurisdiction of the state of Florida.
While appellee characterizes the order appealed as merely an "enforcement" of the court's earlier visitation decree, we find that the present order is not of such limited character. Instead the court has effected a temporary but substantial modification of visitation, in view of the comparative duration of the period prescribed and the age and history of the child. Such a modification requires a consideration of the best interest and welfare of the child, in addition to the determination of non-compliance by appellant with the prior order. See Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975); cf., Scott v. Scott, 401 So.2d 879 (Fla. 3d DCA 1981). The order in this case reflects no weighing of these factors.[1] We recognize the broad discretion vested in the trial court on the merits of such matters but conclude that it erred by modifying visitation, even temporarily, in the manner and for the reason stated by the order in the context of this case.
The order appealed is reversed, and the cause remanded.
ERVIN, J., concurs.
JOANOS, J., dissents with written opinion.
JOANOS, Judge, dissenting.
Under the circumstances of this case, the trial judge's discretion in this matter should not be disturbed. He had previously determined that the father should have child visitation for every third week. Eight months had elapsed without visitation. Presumably, to catch up with the previous requirement of about one third visitation time, the trial judge ordered a four month visitation with the father. When we take into account that the mother and child now live in Texas, this method of enforcement of the visitation privileges previously granted was reasonable. Every third week was no longer a practical way for the father to have visitation because of the distance between the residences of the parents. Also, because it has been so long since the father has had visitation, something more than a short visit between father and child would seem appropriate to further the desired relationship between the two.
The majority opinion seems to make much of the circumstance that the written order entered by the trial court does not reflect a "weighing" of the factors of "the best interest and welfare of the child." I know of no requirement that the trial court must place such specific language in the order. The record before us reflects that the trial judge who entered the order has presided over these proceedings in circuit court since at least July of 1982. I believe it is inappropriate for us to imply that in enforcing the visitation rights of the father in this case, the trial judge has overlooked the best interests of the child just because he has not included specific language to that effect in the order. I have seen nothing in this record that reflects in any way that what the trial judge has ordered will in any way be adverse to the best interest of the child.
I respectfully dissent from the majority opinion.
NOTES
[1] Other than the formal and directive portions of the order, it consists solely of a finding that "An extended period of visitation by the child with the former husband is called for because the former husband has been deprived of visitation by the former wife for the past eight months." The absence of express findings from the order might not be critical if the record showed the order to have been entered on the basis of evidence of the child's best interests at the time of the hearing. Instead the order states expressly that the wife's dereliction "called for" extended visitation. The order thus recognizes that a four months' visit differs significantly from the alternating weeks provided in the order which was "enforced." That order did not, as appellee contends, provide that the child "spend one-third of her time with her father," and we are referred to no decision in which delinquencies under visitation orders have been equated with monetary support arrearage. The order appealed should therefore rest on considerations in addition to the father's deprivation, and appellee improperly characterizes the hearing as one for which appellant "was not asked to produce one shred of evidence" because the best interest "finding had long since been made."