LEHAN, Judge.
We reverse the portion of the final judgment of dissolution of marriage splitting custody of the two children of the parties.
The trial court ordered that residential custody of the 8-year-old daughter be with the mother and that residential custody of the 2-year-old son be with the father. There were no findings made in support thereof.
As the Florida Supreme Court said in Arons v. Arons, 94 So.2d 849, 853 (Fla.1957), “[Splitting custody] will result in further destruction of what is left, after divorce, of this family unit. We are of the view that the children in a family should not be separated from each other and distributed about in different homes, except for the most compelling cause.” We do not find any such compelling cause reflected in the order or the record.
The father asks that he be awarded custody of both children. There appears to be much in support of the father’s request, for example, the HRS custody report. Yet the record does not appear to show that the mother is unfit to have custody. In fact, the HRS report concluded that neither parent was unfit.
Under these circumstances we must reverse. But it seems inappropriate that this court now further inject itself into a situation which the trial court is in a much better position to evaluate and resolve.
Accordingly, we remand to the trial court to either make written or verbal findings to justify the split of custody or to hold a hearing to determine which parent should have custody of both children.
SCHOONOVER, A.C.J., and HALL, J., concur.