528 So.2d 502 (1988)
Susan L. NISSEN, a/k/a Susan L. Murphy, Appellant,
v.
Sherwood Dale MURPHY, Appellee.
No. 87-2537.
District Court of Appeal of Florida, Second District.
July 13, 1988.
*503 Steven D. Merryday and Linda Julin McNamara of Glenn, Rasmussen, Fogharty, Merryday & Russo, Tampa, for appellant.
Gregory M. Ruster of Weeks & Ruster, and C. Kenneth Stuart, Lakeland, for appellee.
CAMPBELL, Chief Judge.
Appellant, Susan L. Nissen, also known as Susan L. Murphy (mother), appeals the final order of August 13, 1987, entered in a post-final judgment proceeding relating to modification of child custody, support and visitation. We affirm in part and reverse in part. A detailed recitation of facts is not necessary to understand the reasons for our decision.
The marriage of appellant/mother and appellee/father was dissolved by final judgment of dissolution of marriage on December 15, 1980. That final judgment approved and incorporated the parties' stipulation and property settlement governing, among other things, child custody, child support and visitation rights. There were three minor children. The oldest child is Beth Anne Murphy, born on March 11, 1970, the natural child of the mother and adopted by the father on June 12, 1978. The two younger children are Jennifer Leigh Murphy, born on September 8, 1976, and Mark Stephen Murphy, born on September 14, 1977.
The stipulation and property settlement contained the following identical language relating to child custody, support and visitation:
2. That the Husband will have permanent care, custody and control of the two minor children of the parties, to-wit: JENNIFER LEIGH MURPHY, date of birth: September 8, 1976, and MARK STEPHEN MURPHY, date of birth: September 14, 1977, subject to the right of the Wife to reasonable visitation with said children.
3. That the Wife will have permanent care, custody and control of the minor child of the parties, to-wit: BETH ANNE MURPHY, date of birth: March 11, 1970, subject to the right of the Husband to reasonable visitation with said child.
4. That the Husband will be responsible for the financial support of the two minor children of the parties, to-wit: JENNIFER LEIGH MURPHY, date of birth: September 8, 1976, and MARK STEPHEN MURPHY, date of birth: September 14, 1977, continuing until the two minor children reach majority, marry, become self-supporting or depart this life.
That the Wife will be responsible for the financial support of the minor child of the parties, to-wit: BETH ANNE MURPHY, date of birth: March 11, 1970, continuing until the minor child reaches majority, marries, becomes self-supporting or departs this life.
That any change in said support conditions shall be subject to prior Court approval.
There was no provision in either the stipulation or final judgment that restricted a custodial parent from removing the children and their place of residence from the jurisdiction of the court. There was a restriction that prohibited either noncustodial parent from removing the child or children not in their custody from the jurisdiction of the court without prior approval. In October 1986, the father announced that in the summer of 1987, he planned to move *504 with his children to seek better employment opportunity in South Carolina. The mother filed a petition for modification of custody asserting, among other things, that the father intended to move from the state, the children desired to remain with their mother and that the mother was able to provide the children with a happy, stable familial environment. The father, in his response, counterpetitioned for modification seeking, for the first time, an award of child support from the mother for the support of the two children in his custody.
At the hearing on the petitions for modification, the trial judge heard from both parents, the father's new wife, the children's paternal grandparents and two clinical psychologists who had evaluated the children. At best, the totality of the evidence as to the children's best interests and whether there had been a substantial change of circumstances relating to child custody and support was conflicting. The trial judge held, and we agree, that the father's move to South Carolina, in and of itself, did not constitute a substantial change in circumstances. As to the other factors presented to the trial judge relative to child custody, the trial judge found that the mother had not carried her burden to show any substantial change of circumstances that would support a change of custody. The trial judge denied the petition for change of custody of Jennifer Leigh and Mark Stephen. The record supports that ruling of the trial judge and we affirm.
In the order on appeal, the trial judge did make some specific provisions for more extended visitation privileges for the mother. While the mother complains that she is, by the trial judge's order, now more restricted in her visitation rights than she was previously under the "reasonable visitation" terms, we cannot agree. The visitation provision in the order provides:
The wife is entitled to reasonable visitation with her children which shall include, at a minimum, two months during the summer and one week during the Christmas vacation. The wife shall notify the husband of the dates she wishes to exercise visitation during the summer by May 1st of every year. The wife shall be responsible for transportation costs incident to the visitations.
It is clear to us that that provision does not eliminate "reasonable visitation" by the mother, but does add some specific times to it. What was "reasonable" for the parties when they all lived in close proximity to each other will no longer be reasonable when they are separated by greater distances. It was, therefore, "reasonable" for the trial judge to provide for that change.
Finally, the trial judge found that the mother was "capable of contributing to the children's support and they are in need of a contribution." He ordered the mother to pay $50 per week in child support. We conclude that the trial judge erred in requiring the mother to pay child support for the two children not in her custody. First, we do not believe the stipulation and final judgment contemplated that the noncustodial parent would be required to pay any child support. Beth is now over the age of majority and is not subject to child support orders. The mother has fulfilled her obligations and supported Beth without any court-ordered contribution from the father. It seems to us somewhat inequitable to now allow the father to seek support for the two remaining children in his custody without a showing that he is unable to supply their needs without a contribution from their mother. No such showing has been made. There is no showing that there has been a substantial change in the mother's ability to pay or the children's need based on the father's ability or inability to pay. We, therefore, reverse the award of child support requiring the mother to contribute to the support of the two remaining minor children.
Affirmed in part and reversed in part.
SCHEB and THREADGILL, JJ., concur.