529 So.2d 334 (1988)
Joan Elizabeth PURDON, Appellant,
v.
Alfred PURDON, Jr., Appellee.
No. 88-143.
District Court of Appeal of Florida, First District.
July 29, 1988.
C. Gary Moody, Gainesville, for appellant.
John F. Roscow and Barbara A. Burkett, Gainesville, for appellee.
SMITH, Chief Judge.
Appellant Joan Elizabeth Purdon seeks review of an order granting modification of primary residential custody in favor of the appellee, Alfred Purdon. We affirm.
The parties' marriage was dissolved by an Alabama decree in 1979, at which time Mrs. Purdon was awarded custody of their only child, Scott. At the time of the dissolution, Dr. Purdon was training as an Army flight surgeon, and thus, his military commitment would not allow him to seek custody of Scott. Subsequently, Dr. Purdon completed his service commitment and has since started practicing medicine in Michigan. Mrs. Purdon has lived in Gainesville with Scott since the dissolution.
In August 1986, Dr. Purdon petitioned to establish the Alabama decree as a Florida judgment and additionally sought modification of that decree. The foreign decree was established by joint stipulation, and the lower court, after ordering family mediation and after conducting a hearing, ordered that primary residential responsibility *335 be transferred from Mrs. Purdon to Dr. Purdon. A modification of alimony was also ordered, but that modification has not been appealed.
Mrs. Purdon argues that the modification of child custody was in error since there has not been a substantial and material change in circumstances. She correctly states that modification cannot be granted unless such a change in circumstances has occurred, and that a non-custodial parent seeking modification of a custody award has an "extraordinary burden." Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984).
We think Dr. Purdon satisfied that burden. Circumstances have materially changed since the original custody determination, and we agree with the lower court that these changes justify a change in primary physical residence. First, the principle obstacle to the exercise of physical custody, Dr. Purdon's military commitment, has been removed. Dr. Purdon, who has always manifested an intense interest in and concern for his son, has settled in Michigan with his second wife to a successful practice, and is now able to more fully assume his duties and responsibilities as father of the child. Moreover, Scott, who has been in regular contact with his father, is now an adolescent and strongly desires to be with his father.
The trial court noted and the record reflects that under his mother's primary care Scott has developed into an intelligent, well-adjusted and exceptionally mature individual. Notwithstanding Scott's strong attachment to and love for his mother, he nevertheless has long manifested and in this proceeding testified to an unwavering preference to be with his father. The trial judge had before him ample testimony, including that of an expert witness, as to Scott's changing needs and the benefits to be gained by allowing the child to more fully enjoy his already close relationship with his father. That the experienced trial judge carefully considered these and all other pertinent facts and applied the correct principles of law in determining the best interests of the child appears abundantly clear from the record before us.
It must be emphasized that especially in cases such as this the trial court has the superior vantage point because it has observed first-hand and over an extended period of time the participants and events which characterize this case. Although Mrs. Purdon, as the record clearly shows, is a competent and loving parent, the trial court's finding of a substantial change of circumstances warranting modification of residential responsibility for the best interests of the child was not an abuse of discretion. See Adams v. Adams, 477 So.2d 16 (Fla. 1st DCA 1985), and Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Therefore, the order of modification is AFFIRMED.
JOANOS and ZEHMER, JJ., concur.