528 So.2d 1358 (1988)
Deysi DELGADO, Appellant,
v.
Jose SILVARREY, Appellee.
No. 87-2145.
District Court of Appeal of Florida, Third District.
August 9, 1988.
*1359 Guy Spiegelman, Miami, for appellant.
No appearance, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal from an order of the trial court denying the mother's petition for modification of child custody and granting the father's petition to modify custody. For the reasons which follow, we reverse.
The mother, Deysi Delgado, and the father, Jose Silvarrey, were divorced in 1985. The final judgment of dissolution awarded primary custody of the parties' younger child, Javier, to the mother and primary custody of the parties' older child, Jose, Jr., to the father. Neither party appealed from the final judgment. In 1986, the father filed an emergency petition for modification of child custody, seeking primary custody of Javier. The father's petition alleged that the mother had "relinquished the primary residential responsibility [for Javier] to the paternal grandmother." The mother was not present at the hearing on the father's petition; notwithstanding her absence, the trial court granted a change of custody and designated the father the primary custodial parent of Javier as well as Jose, Jr. The mother responded with a motion for rehearing and a petition seeking primary custody of both children. The father then filed a petition to finalize his status as primary custodial parent of the two children, claiming that his remarriage constituted a substantial change of circumstances. The father also sought leave of the trial court to remove the children from Florida to Iowa where he and his second wife planned to live. Prior to holding a hearing on all pending motions, the trial court ordered that a home study be conducted by the Department of Health and Rehabilitative Services (HRS).[1]
At the hearing, the mother testified that she had remarried and was currently living *1360 in a two-bedroom house. Her husband, a truckdriver, earned approximately $700 per week and preferred that she not work outside the home. According to the mother, her present situation was a vast improvement over her circumstances at the time of the HRS home study when she had been living with her mother, stepfather, and brother in a small apartment. The father testified that he and his wife were living in a two-bedroom apartment with their three-month-old daughter, Jose, Jr., and Javier. The father revealed that he earned a weekly salary of $230 as a mechanic in his family's business in addition to receiving supplemental income from his parents. The father expressed his eagerness to relocate his family to Iowa where he would be employed in his father-in-law's business at a salary comparable to his present wages. The father admitted that his main motivation for moving was financial because the lower cost of living in Iowa would enable his family to enjoy a more prosperous lifestyle. The father's wife also testified at the hearing. She conveyed her desire to return to her home state of Iowa. Neither the father nor his wife were able to propose a realistic plan for Jose, Jr., and Javier to visit their mother in Miami if the move to Iowa were approved.
Following the hearing, the trial court entered an order on pending motions wherein it denied the mother's petition for modification on the ground that she had "failed to meet her burden of proof and prove a substantial change of circumstances." The trial court granted the father's petition upon a finding that he had "proved that the proposed move to Iowa would be in the best interest of the children." The trial court's order included a visitation schedule which provided the mother at least eight weeks with the children annually. The children's travel expenses were to be shared equally by the mother and the father.
We reverse the trial court's order on both procedural deficiencies and the merits. According to the final judgment of dissolution, the mother was the primary custodial parent of Javier. Thus, upon the father's filing of his emergency petition for modification, the mother was entitled to notice and an opportunity to be heard. Connors v. Connors, 327 So.2d 877 (Fla. 2d DCA 1976). The trial court erred in granting the father's emergency petition for modification where the mother received neither notice nor an opportunity to be heard. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Antonio v. Antonio, 493 So.2d 53 (Fla. 2d DCA 1986); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982). Although we do not have the benefit of the transcript of the hearing held on the father's emergency petition, the trial court's order granting a change in Javier's custody reveals that only the father and the paternal grandmother testified at the hearing. The trial court further erred by failing to include in its order any findings of fact or conclusions of law as to its reasons for granting a change of Javier's custody. See Alderman v. Alderman, 484 So.2d 1385 (Fla. 1st DCA 1986) (modification of custody improper where petition seeking modification contained no allegation that custodial parent was unfit and trial court's order contained no findings of fact or conclusions of law).
Even if we discounted the violation of the mother's due process rights in connection with the emergency petition proceedings on the assumption that the matters raised in the father's emergency petition were addressed at the hearing on the subsequent petitions, e.g., Jackson v. Jackson, 468 So.2d 1098 (Fla. 2d DCA 1985), the merits of the case failed to justify a change of custody. In order to prevail on his petition, the father bore the dual burden of showing that there had been a substantial change of circumstances since the entry of the final judgment and that the best interests of Javier would be served by a change in custody. Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947); Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987); *1361 Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987); Adams v. Adams, 385 So.2d 688 (Fla. 3d DCA 1980). Indeed, the parent seeking to modify custody "carries an extraordinary burden." Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984) (quoting McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982)). Here, the trial court improperly shifted the burden to the mother, the original custodial parent of Javier. The father's remarriage and his anticipation of a higher standard of living in Iowa did not amount to circumstances sufficient to support a change in Javier's custody. See Adams (where both parents were fit and proper custodians, father's remarriage and increased wealth were insufficient to justify change of custody).
Having determined that the father's remarriage and his anticipated move to Iowa were insufficient to justify a change of Javier's custody, we next consider the question of whether the proposed move to Iowa would be in the best interests of Javier and Jose, Jr. The trial court incorrectly regarded the father's best interests as the determinative factor. The record contains no evidence to support a conclusion that a move to Iowa would be in the children's best interests; in contrast, the record attests to the benefits of their remaining in Miami. The children have always lived in Miami, where both sets of grandparents reside. The mother lives in Miami and will be expected to pay half of the children's travel expenses if she wishes to exercise her visitation rights. The father does not contemplate earning a higher salary in Iowa but, instead, relies upon the hope that the cost of living in Iowa will be lower. However, any savings would be offset by the increased expense of paying half of the children's travel expenses to Miami to visit their mother. The desire of the father's wife to relocate the family to her home state is not a relevant factor in assessing the children's best interests. Moreover, Jose, Jr., and Javier have already experienced displacement in their young lives by virtue of the final judgment of dissolution which separated them, an arrangement generally disfavored except in the most compelling circumstances. See Arons v. Arons, 94 So.2d 849 (Fla. 1957); Myrick v. Myrick, 523 So.2d 172 (Fla. 2d DCA 1988); Bache v. Bashir, 482 So.2d 546 (Fla. 4th DCA), rev. denied, 492 So.2d 1330 (Fla. 1986). The trial court's order further disrupts their lives by separating them geographically from their mother. Balancing these considerations, there is a dearth of "competent, substantial evidence" to justify removal of the children to Iowa. See Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988) (custodial parent's move to foreign state not substantial change of circumstances which would support change of custody); Parker v. Parker, 519 So.2d 673 (Fla. 1st DCA 1988) (trial court did not abuse discretion in refusing custodial parent permission to remove child from Florida to California where her future spouse was assigned); Wells v. Wells, 501 So.2d 700, 701 (Fla. 2d DCA 1987) (relocation of children from Florida to Georgia with custodial parent was supported by "competent, substantial evidence" and was in best interests of children where custodial parent and fiance were willing to pay children's travel expenses to ensure visitation with non-custodial parent); Matilla v. Matilla, 474 So.2d 306, 307-08 (Fla. 3d DCA 1985) (Jorgenson, J. dissenting) (inappropriate to permit custodial parent to remove child to foreign jurisdiction in absence of any compelling evidence).
For these reasons, we reverse the trial court's order granting the father's petition for modification, appointing him primary custodial parent of Javier, and permitting him to move to Iowa with Javier and Jose, Jr. We vacate that portion of the trial court's order denying the mother's petition for modification and remand with directions for the trial court to reconsider the mother's petition in light of whether the father's relocation to Iowa constitutes a substantial change of circumstances so as to warrant the mother's being designated primary custodial parent of both Javier and *1362 Jose, Jr., and whether such a change would be in the best interests of the children.
Vacated in part; reversed and remanded with directions.
NOTES
[1] The record on appeal does not include the home study conducted by the Department of Health and Rehabilitative Services pursuant to the trial court's order.