536 So.2d 381 (1989)
Gloria GABER, Appellant,
v.
Allen Gary GABER, Appellee.
No. 88-2282.
District Court of Appeal of Florida, Third District.
January 3, 1989.
Charles L. Neustein, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Sally R. Doerner and Bruce Christiansen, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
Gloria Gaber appeals an order granting her former husband's petition to modify custody of their son, Jeffrey. The father filed a petition seeking a change of custody a few weeks after she moved to Broward County. We reverse.
A parent seeking a modification of custody has "the dual burden of showing that there has been a substantial change of circumstances since the entry of the final judgment and that the best interests of [the child] would be served by a change in custody. Indeed, the parent seeking to modify custody carries an extraordinary burden." Delgado v. Silvarrey, 528 So.2d 1358, 1360 (Fla. 3d DCA 1988) (citations omitted). In the case before us, the trial court ordered a change in custody based "mainly" on the child's preference and a home study report. The home study report indicates that the mother, Jeffrey, his sisters, and his great-grandmother moved from North Miami Beach to Plantation, located in Broward County; that Jeffrey expressed a desire to live with his father; and that he was having difficulty adjusting to the new area. Based on the information gathered, the home study consultant had recommended a change in custody if Jeffrey did not show a substantial adjustment to his new environment. The trial court considered the report and entered the order under review without finding a substantial change of circumstances.
The home study report does not demonstrate a substantial change in circumstances sufficient to support a change in custody under the law. Cf. Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987) (where parent moved several hundred miles away thereby precluding frequent visitation, trial court properly found material change in circumstances). Although the report largely reflects the child's preference to live *382 with the father, the child's wish is merely a factor to be considered in determining modification of custody. See § 61.13(3)(i), Fla. Stat. (1987). Preference is not the dispositive factor. Elkins v. Vanden Bosch, 433 So.2d 1251 (Fla. 3d DCA), review dismissed, 438 So.2d 831 (Fla. 1983). Because the trial court failed to find, and the record does not demonstrate, a substantial change in circumstances, we reverse the order under review.
REVERSED AND REMANDED.
SCHWARTZ, C.J., and BASKIN, J., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent.
The record reflects that in the spring of 1988 the mother moved from North Miami to Broward County. As a result of the move, Jeffrey, the thirteen-year-old son of the parties and the subject of this proceeding, could no longer attend school in the district he had been in for the past six years. Upon the father's petition to change primary residential custody, the trial court entered an order referring the case to the Family Mediation Unit for custody investigation. The Health and Rehabilitative Services case worker interviewed Jeffrey and his mother and father. She spoke with the father's new wife. She interviewed Jeffrey's eighteen-year-old stepsister and his younger sister and spoke with Jeffrey's great-grandmother. The case worker also spoke with a social worker who was familiar with the family.
In a lengthy and detailed report to the trial court, the case worker characterized both parents as caring, intelligent people who love Jeffrey and want what is best for him. Based upon "those primary factors and the information gathered," the case worker recommended that if, by the end of summer, Jeffrey had not made a substantial adjustment to his new environment, he should be allowed to stay with his father. There was no evidence presented at the hearing that such an adjustment had been made although the trial court heard testimony from the mother and the father and interviewed Jeffrey in camera.
As a threshold matter, I would not accord any significance to the short interval between the mother's relocation to another county and the father's petition for modification. In Wilson v. Wilson, 504 So.2d 1278 (Fla. 1st DCA 1986), the father petitioned for modification of custody eight weeks after the final judgment of dissolution. The trial court granted the petition based upon evidence that the child's emotional state had deteriorated over the eight-week period and that the child's emotional problems had intensified as a result of the child's transfer to another school.
The findings of fact and recommendations contained in the home study report reflect that the passage of time itself may largely constitute the necessary substantial change in circumstances and may, coupled with evidence of maladjustment to changes in school or home life, warrant a modification of custody. Jeffrey was a seven-year-old child when the original custody determination was made. Almost seven years have passed. Jeffrey is now an adolescent male who shortly will be entering high school. This court has previously observed that, in a modification proceeding where six or seven years had elapsed since the initial custody award to the mother, during which time the son had matured to high school age and consistently expressed a reasonably founded desire to live with his father, the son's expressed desire should be given great weight. Goldstein v. Goldstein, 264 So.2d 49 (Fla. 3d DCA 1972). This principle has been approved by the supreme court in Epperson v. Epperson, 101 So.2d 367 (Fla. 1958) (preference of normal and intelligent boys of ages sixteen and twelve to live with their father is not absolutely controlling but should be given considerable weight as between parents of relatively equal fitness). See also Eddy v. Staufer, 160 Fla. 944, 37 So.2d 417 (1948) (en banc) (while minor child's preference is never controlling in determining custody of child, desires of fifteen-year-old boy should be given great weight); Purdon v. Purdon, 529 So.2d 334 (Fla. 1st DCA 1988) (removal of father's military commitment coupled with adolescent son's testimony of strong desire *383 to be with father established substantial change of circumstances warranting modification of residential custody).
I would affirm the trial court's order on modification in its entirety.