553 So.2d 1295 (1989)
Rebecca R. ZUGDA, Appellant,
v.
Albert GOMEZ, II, Appellee.
No. 89-1009.
District Court of Appeal of Florida, Third District.
December 12, 1989.
*1296 Frank A. Abrams, Miami, for appellant.
Harvey S. Swickle, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
Rebecca Zugda, the custodial parent, appeals from an order of the trial court requiring the return of her minor child to South Florida where the father resides. For the following reasons, we reverse.
Appellant Zugda and appellee Gomez lived together in Miami for ten years. The parties had one child out of wedlock, Albert, III, presently four years old. The father filed a petition for adjudication of obligation to support his minor child. Based upon an agreement by the parties, the general master submitted a report which provided that the mother would be the residential parent and that the father would have scheduled visitation. The report also provided that the child would not be removed from South Florida without consent or court order. The trial court ratified the general master's report.
Zugda subsequently filed a motion to remove Albert from South Florida to Michigan. In her motion, the mother alleged that her financial situation had worsened, that her relationship with Gomez had fallen apart, and that she had no other alternative but to make her life in Michigan where her family was located. Finding little likelihood that the mother would return or ever allow effective visitation to the father, the general master concluded that the mother's motion should be denied. The trial court ratified the master's report and ordered Ms. Zugda not to remove the child. Admittedly against court order, the mother left for Michigan with Albert. The trial court entered an order finding the mother in contempt and ordered her incarcerated.
Thereafter, the father's visitation schedule was modified by the trial court. Specifically, the minor child, while residing with his mother in Michigan, would have a visitation schedule with his father. Dissatisfied with the visitation arrangement, the father filed a motion to modify residential custody. The trial court ordered the mother, who has now been in Michigan for almost two and one-half years, to either return to South Florida with the child or lose custody.
In the instant case, the mother was the primary custodial parent of Albert. Therefore, in order to prevail on his petition for modification of residential custody, the father bore the dual burden of showing that there had been a substantial change of circumstances as a result of the move and that the best interests of the child would be served by a change in custody. Delgado v. Silvarrey, 528 So.2d 1358, 1360 (Fla. 3d DCA 1988) (citations omitted). The law in Florida is clear that in the absence of compelling circumstances the custodial parent's move to a foreign state is not a substantial change of circumstances which would support a change of custody. See Pintado v. Leggett, 545 So.2d 311 (Fla. 3d DCA 1989) (trial court improperly denied former wife right to relocate to Virginia with children where former wife had family and friends in Virginia, where she could reside with her parents, where she had a job waiting for her, where move would benefit children, and where move was not an attempt to frustrate visitation); Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988) (custodial parent's move to foreign state not substantial change of circumstances which would support a change of custody); Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985) *1297 (Jorgenson, J., dissenting) (trial court did not abuse its discretion in permitting mother to return with child to Michigan in search of improved employment opportunity, notwithstanding that father had a responsible position as a police officer and wished to remain in Florida). Clearly, therefore, the mother's desire to relocate with her child to Michigan was insufficient to justify a change of custody.[1]
Having determined that no substantial change of circumstances existed to justify a change of custody, we next consider the question of whether the move to Michigan was in the best interests of Albert. The mother desired to return to her family in Michigan in order to receive financial and emotional support for herself and her son. She also wished to pursue her nursing career in Michigan. Both the guardian ad litem and the court-appointed psychologist stated that Zugda is a fit mother. Moreover, it is clear that visitation has been occurring on a regular basis for over one year. Based on the foregoing facts, we cannot conclude that Albert, who albeit will enjoy fewer visitation periods but of longer duration, will suffer. See Matilla, 474 So.2d at 307 (meaningful visitation can occur where mother and child live in Michigan and father lives in Florida).
The record supports the conclusion that the best interests of Albert mandate that Zugda remain the custodial parent and that both mother and child be permitted to remain in Michigan.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] We also cannot conclude that the mother's arrest for contempt of court which the father helped institute amounted to circumstances sufficient to support a change in Albert's custody.