584 So.2d 1113 (1991)
Chris Ellen DOBBINS, Appellant,
v.
Daniel Wayne DOBBINS, Appellee.
No. 90-2843.
District Court of Appeal of Florida, First District.
August 21, 1991.
Rehearing Denied September 24, 1991.
*1114 Thomas L. Powell, Douglass, Cooper, Coppins & Powell, Tallahassee, and Warren K. Anderson, Jacksonville, for appellant.
Cathi C. Wilkinson and Carl L. Pennington, Jr., Pennington, Wilkinson, Dunlap, Bateman & Camp, P.A., Tallahassee, for appellee.
PER CURIAM.
The former wife (W) appeals an order on her petition to modify custody which places the primary residential custody of the parties' two minor children with the former husband (H), terminates all child support payments and restricts the former wife's visitation with the children. We reverse.
Modification of custody is proper only if there is competent substantial evidence showing a substantial or material change in the circumstances of the parties since the entry of the original order and that the welfare of the children would be promoted by a modification of the custody provision. Sanchez v. Sanchez, 575 So.2d 744 (Fla. 5th DCA 1991); Poole v. Savage, 561 So.2d 360 (Fla. 1st DCA), review denied, 576 So.2d 291 (Fla. 1990). Here neither part of this two part requirement has been satisfied.
H and W were divorced by Final Judgment of Dissolution of Marriage rendered Sept. 3, 1987. H and W have two daughters who are now 8 and 6 years old. H and W initially agreed to equally share the physical residence of the children, alternating on a 3-day basis. W remarried in July 1988, and her new husband is an attorney practicing and residing in Jacksonville. W, however, continued to live in Tallahassee in the former marital home. In 1989 H and W reached a new agreement to alternate custody of the children on a weekly basis. In July 1990, W filed a Petition for Modification seeking primary physical custody of the children. H filed a counter-petition seeking that primary physical custody of the children be placed with him. The matter proceeded to final hearing August 16-20, 1990, at which 22 witnesses testified. Following the hearing the trial court entered an order modifying custody and placing the primary physical custody of the children with H during the school year and with W during the summer, Thanksgiving, Easter, and one-half of Christmas. The noncustodial parent was afforded visitation one weekend per month. In support of this modification the court found that there had been a substantial change of circumstances since the parties agreed to alternate custody on a weekly basis in that W had "engaged in a deliberate pattern of alienation of the children" from H, that W was contemplating a relocation from Tallahassee to Jacksonville, and that the children were being subjected to "anxiety, uncertainty and frustration as a result of the current weekly custody arrangement." Of these findings, only the third finds any support in the extensive evidence below. Further, the court's drastic reduction in the amount of contact W is to have with her daughters is contrary to all of the expert testimony adduced below and constitutes an abuse of discretion. Finally, it is apparent from the record that the trial court's ordered modification was made not on the grounds of the best interests of the children but with regard to what the court perceived as the best interests of the former husband.
The court's finding that W had engaged in a deliberate pattern of alienation was supported by four specific incidents, only one of which can properly be ascribed to deliberate volitional acts on the part of W: her allowing the children to call their new stepfather "daddy." The other three incidents *1115 cited by the court either concern independent acts of the children for which W was not shown to be responsible in any way, or are unsupported by the record.
As its second basis for finding a substantial change of circumstances the trial court cites the fact that W "is contemplating a relocation to Jacksonville, Florida, where her current husband resides and practices law." This statement is accurate in that W uncontrovertedly had expressed her preference for moving to Jacksonville permanently. But the evidence adduced at trial was uncontroverted that W did not plan to move to Jacksonville unless she was awarded primary residential custody of the children. Further, both W and her new husband testified there were no current plans for such a move, and other than the purchase of a lot in Sawgrass, there was no evidence a move was imminent. W was still residing in the former marital home and there was no evidence it had been placed on the market. She was still employed in her state job in Tallahassee and there was no evidence of any job hunting in Jacksonville. Therefore, regardless of W's understandable preference for living in Jacksonville, there was no indication an actual relocation there was pending.
A custodial parent's freedom to move is qualified by the special obligation of custody, the state's interest in protecting the best interests of the child, and by the competing interests of the noncustodial parent. Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988). Therefore, in some cases, one parent's relocation has been found to constitute a substantial change warranting modification. However, in these cases, the parent had either already made the move, or had made definite plans to do so. See e.g., Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988); Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987); Adams v. Adams, 477 So.2d 16 (Fla. 1st DCA 1985). Even when such a move is planned or made the move may not be found to be a substantial change of circumstances warranting modification. Gaber v. Gaber, 536 So.2d 381 (Fla. 3d DCA 1989); Delgado v. Silvarrey, 528 So.2d 1358 (Fla. 3d DCA 1988); Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988); Shelley v. Shelley, 480 So.2d 166 (Fla. 1st DCA 1985), review denied, 491 So.2d 280 (Fla. 1986). A move may constitute a substantial change of circumstances if the distance is far and the visitation of the other parent will be subject to significant interference as a result. Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987).
Here W's "contemplated" move is not out-of-state and is neither an accomplished fact nor an imminent possibility. It is at best a desire on her part, expressly conditioned upon the court's disposition of the custody matter. As such it is insufficient as a matter of law to regard a contemplated, conditional relocation as constituting a substantial change of circumstances, particularly in light of the geographic insignificance of the possible move. See Gaber v. Gaber, 536 So.2d 381 (Fla. 3d DCA 1989). Even H's own expert psychological witness recommended that primary residential custody be given to H only if W moves to Jacksonville. If she remains in Tallahassee, he recommended the alternating weekly custody continue. No other psychologist or witness testified that the best interests of the children would be served by placing custody with H while W continued to live in Tallahassee. Therefore, the trial court's reliance on the possibility of W moving to Jacksonville as a substantial change warranting modification was both a factual and legal error.
As its third basis for finding that a substantial change of circumstances had occurred the court noted that as a result of the weekly custody arrangement "the children have been subjected to anxiety, uncertainty and frustration." This finding is directly contrary to all the evidence adduced by H that the children were adapting well to the arrangement and were not significantly troubled. H himself testified that the girls are normal in every way and never experience nightmares or evidence any other emotional problems. Even W's witnesses acknowledged that the children's behavior was generally improving. The trial court must have accepted the expert testimony by W's witnesses as to the ill *1116 effects of the alternating custody, but it then failed to explain why it rejected that same expert testimony of how to alleviate the problem by placing primary residential custody with W. The trial court accepted the evidence presented by W that the alternating custody caused emotional hardship on the children, but then went on to fashion a remedy to this problem directly contrary to the recommendation of all of the expert testimony, and unsupported by any other evidence in the record.
A modification of child custody may be made only upon a showing of a substantial change of circumstances. Here the only competent substantial evidence adduced established that the children call their stepfather "daddy" and that the weekly alternating visitation has produced some emotional hardship which could be alleviated by primary residential custody being placed with W or by the custody arrangement being left unchanged. These factors do not constitute a material change of circumstances affecting the children's best interests such that a change of primary physical residence is warranted, particularly in light of the complete absence of any expert testimony that the children's emotional problems will be alleviated if their custody is placed primarily with H. Mulford v. Sullivan, 467 So.2d 1093 (Fla. 1st DCA 1985). A drastic alteration of custody such as in the instant case cannot be based merely on minor difficulties experienced by the parties. Compare Tessler v. Tessler, 539 So.2d 522 (Fla. 4th DCA), review denied, 549 So.2d 1014 (Fla. 1989) with Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). The drastic reduction in the amount of contact that W is allowed under the court's order is not supported by the evidence and is in fact contrary to all the conflicting expert evidence adduced.
The order also states that it is not in the best interests of the children to transfer custody every week and further that the more stable environment for the children is for them to reside with H for the school year. Despite the court's reference to "the best interest of the children" it is apparent from the order and from the record that the court's true concern was with what it perceived to be the best interest of the former husband. The uncontroverted evidence established that both H and W had provided warm, loving and stable homes for their daughters, and the court's finding that H's home would somehow be "the more stable environment" can only be a reference to W's desire to move to Jacksonville. As discussed supra, this mere desire on the part of W, without more, is immaterial. It is reversible error for a court to order modification without consideration of the best interest and welfare of the children, and to instead focus on the interest of the parents. Delgado v. Silvarrey, 528 So.2d 1358 (Fla. 3d DCA 1988); Manuel v. Manuel, 489 So.2d 183 (Fla. 1st DCA 1986).
The nature of this court's review of custody modification decisions was explained in Zediker v. Zediker:
Given the extraordinary burden placed upon one moving to modify a custody award, and the limited discretion that has traditionally been accorded the trial court when considering such a request, we cannot accept the husband's position that this court's scope of review in such cases is restricted simply to determining whether reasonable men could differ as to the result reached below. Our task, instead, is to determine whether the trial judge's discretion is supported in the record by competent and substantial evidence revealing that substantial or material changes in the parties' circumstances had occurred subsequent to the dissolution, and that the change of custody would promote the best interests of the children involved. When, as in this case, the record fails to reflect such evidence, we must hold that the lower court has abused its discretion.
Zediker v. Zediker, 444 So.2d at 1038. (Emphasis in original.) Here the trial court's disposition is unsupported by competent substantial evidence, and the factual basis for the decision recited by the court's order is likewise unsupported by competent substantial evidence. The modification therefore amounts to an abuse of discretion. *1117 Accordingly, we are compelled to reverse and remand for further proceedings consistent with this opinion.
REVERSED.
ZEHMER, BARFIELD and WOLF, JJ., concur.