891 So.2d 559 (2004)
Minetta SOTOMAYOR, Appellant,
v.
Raymond SOTOMAYOR, Appellee.
No. 2D04-1459.
District Court of Appeal of Florida, Second District.
November 5, 2004.
Rehearing Denied February 1, 2005.
Connie R. Stephens, Clearwater, for Appellant.
*560 Harlan Derek Saltsman, Dade City, for Appellee.
WALLACE, Judge.
Minetta Sotomayor (the Mother) challenges the trial court's order transferring custody of her five-year-old daughter to Raymond Sotomayor (the Father). Because the Father failed to prove a substantial change of circumstances to support the requested modification, we reverse.
The parties were married in the State of New York where their minor child was born. In 2000, they relocated to Florida. The parties' marriage was dissolved in Pasco County in 2001. The final judgment approved and incorporated the parties' Marital Settlement Agreement (MSA) governing child custody, parental responsibility, and visitation.[1] The MSA provided that the parties' only child would reside with the Mother exclusively until the age of seven, at which time the custody arrangement would be altered so that the parties would participate in a joint custody plan pursuant to which the child would spend equal time with each parent throughout the year "in accordance with agreed upon periods and duration between the parents." The MSA specified a visitation schedule in which the Father would have visitation with the child every other weekend, alternate Monday evenings, and for three to five weeks each summer; the parties agreed to alternate Christmas, Thanksgiving, Easter, and spring break yearly. The MSA also provided that the parties would share parental responsibility. The MSA did not contain any restrictions on relocation.
In late 2001, the Mother and the minor child returned to New York and shortly thereafter relocated to Pennsylvania. On July 2, 2003, the Mother filed a Supplemental Petition for Modification of Final Judgment seeking a modification of the parties' visitation plan. In her petition, the Mother requested that the trial court: (1) substitute a summer visit of at least one month in lieu of the weekend and weekday evening visits; (2) eliminate visits on Thanksgiving, Father's Day, and other holidays of short duration and replace them with discretionary visits whenever the Father was able to visit the child in Pennsylvania; and (3) set specific dates for the summer visit. The Mother alleged that the Father did not exercise any holiday visits in 2001 and 2002 or a summer visit in 2002. On July 8, 2003, the Father filed his own Supplemental Petition for Modification requesting that he be designated the primary residential parent. The Father alleged that the Mother's relocation with the child outside Florida constituted a substantial change in circumstances.
At the hearing on the parties' petitions for modification, the trial court heard only from the Mother, the Father, and the Father's new wife. The Father testified that the visitation schedule outlined in the parties' MSA, which he described as elaborate, demonstrated the parties' intent to live in close proximity to each other. He also testified that he did not plan to leave Florida. In response, the Mother testified that the Father suggested that she and the minor child return to New York and that, at the time the parties signed the MSA, the Father indicated that he also would be returning to New York. In support of her petition, the Mother presented evidence that the Father had requested a visit with the child only once during the two-year *561 period in which the child resided in New York and Pennsylvania and that she had never denied the Father visitation.
Based upon the evidence presented and a review of the MSA, the trial court found that the parties contemplated at the time the MSA was signed that they would live in the same city. For this reason, the trial court concluded that the Mother's relocation with the child outside Florida constituted a substantial change of circumstances. Having found a substantial change of circumstances, the trial court proceeded to a consideration of the factors listed in section 61.13(3), Florida Statutes (2003), in order to resolve the custody modification issue. The trial court made findings of fact with respect to each factor. At the conclusion of this exercise, the trial court ordered that the child's primary physical residence be changed to the Father's home. Although neither party had requested such relief, the trial court also altered the parties' parental responsibility arrangement by giving the Father sole authority in matters pertaining to the child's education and medical and dental care. The parties were to share parental responsibility in all other matters.
In Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996), this court enunciated the test that a trial court must apply in considering a petition for a postdissolution change of custody. The test consists of two prongs. Id. at 641. First, the petitioning party must plead and prove that there has been a substantial change of circumstances since the final judgment. Id. Second, the petitioner must establish that the substantial change has resulted in such a detriment to the child that a modification would be in the best interests of the child. Id.
Although the "best interests" aspect of this test involves a consideration of the same general factors that are used to make an initial decision, the trial court must understand that the analysis in a modification proceeding is substantially different from when the initial child custody decision is made in the dissolution because the presumption in favor of the custodial parent in the modification proceeding can only be overcome by satisfying an extraordinary burden.
Id.
Although the trial court properly began its inquiry by considering whether there had been a substantial change in circumstances, it erred in concluding that a substantial change of circumstances had occurred. The trial court found that there had been a substantial change in circumstances based exclusively on the fact that the Mother moved outside the state and the parties' agreed visitation schedule contemplated that they would live in the same city. However, a custodial parent's move to a foreign state, without more, is not a substantial change of circumstances that would support a modification of custody. LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131 (Fla. 2d DCA 1999); Hayes v. Hayes, 578 So.2d 54 (Fla. 2d DCA 1991); Zugda v. Gomez, 553 So.2d 1295 (Fla. 3d DCA 1989); see also Kuttas v. Ritter, 879 So.2d 3 (Fla. 2d DCA 2004); Bryant v. Meredith, 610 So.2d 586 (Fla. 2d DCA 1992); Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988). Because the trial court did not base its conclusion on any factor other than the Mother's relocation with the child, we conclude that the first prong of the Gibbs test was not met. Absent proof of a substantial change of circumstances, we need not go any further.[2] *562 We reverse the trial court's order directing that the child's primary residence be with the Father. Because the trial court's order modifying the portion of the final judgment concerning the parties' decision-making authority flowed from the custody modification order, that portion of the trial court's order is reversed as well.
On remand, the trial court shall enter an order reinstating the Mother's home as the child's primary residence and provide for the orderly transfer of custody from the Father to the Mother. The trial court may take up consideration of the Mother's petition seeking a modification of the parties' visitation plan, but any such proceedings shall not delay the prompt return of custody of the child to the Mother.
Reversed and remanded with directions.
VILLANTI, J., and WILLIAMS, CHARLES E., Associate Judge, Concur.
NOTES
[1] The MSA was prepared by the Father, a lawyer who was admitted to practice in New York but not in Florida.
[2] The parties disagree in their interpretation of the modification order concerning whether the trial court addressed the second prong of the Gibbs test pertaining to detriment to the child. Based on our resolution of this case, we need not decide this issue.