898 So.2d 1104 (2005)
Denise GIANGRANDE, Appellant,
v.
John Jairo HENAO, Appellee.
No. 2D04-1219.
District Court of Appeal of Florida, Second District.
March 30, 2005.
Virginia R. Vetter and Theodore Stuart, Millison, Tampa, for Appellant.
John Jairo Henao, pro se.
CASANUEVA, Judge.
Denise Giangrande appeals a postdissolution final judgment modifying primary residential custody of the parties' two children. Because the trial court failed to apply the correct legal standard for modification of child custody, we reverse.

Factual Background
After the parties were divorced in New York in October 2000, their then three-year-old and four-year-old sons were ordered into the primary residential custody of Ms. Giangrande. Soon thereafter, Ms. Giangrande moved to Miami and Mr. Henao to Tampa. For the 2001-02 school year, Ms. Giangrande allowed the elder son to be in the temporary residential custody of his father and to attend kindergarten in Tampa because Mr. Henao was lonely for his children. Ms. Giangrande eventually moved out of the country with her fiance, first to Dublin, Ireland, and *1105 then to the Isle of Man. Before she relocated, she also left the younger son with his father with the understanding that both children would be returned to her when she got settled. When she settled in and found permanent employment on the Isle of Man, Mr. Henao informed her that he had no intention of returning the children to her as they had agreed.
Between August and November 2002, Ms. Giangrande spoke with the children daily. After she moved out of the country, her telephone contact with them became infrequent because of Mr. Henao's interference. Since August 2002, she had only four days' visitation with the children. When Mr. Henao changed residences, he refused to give her either his new address or his new mobile telephone number.
Ms. Giangrande testified at the hearing on the petition to change custody that she wanted the children to live with her on the Isle of Man, but, if that were not feasible, she and her new husband were willing to relocate to Vermont, where her new husband could transfer his employment. She and her new husband were also willing to pay for the children's visitation with their father, whether they lived on the Isle of Man or in Vermont.
The trial court's final order modifying custody stated that Mr. Henao had been the "de facto" custodial parent of the elder son since August 2001 and of the younger son since July 2002; this, combined with Ms. Giangrande's voluntary separation from the children constituted a substantial change of circumstances since the entry of the final judgment of dissolution. The trial court also reviewed the factors enumerated in section 61.13(3)(a)-(m), Florida Statutes (2003), and found that it was in the children's best interest that custody be changed from the mother to the father.

Analysis
A parent petitioning to modify an order of custody carries an extraordinary burden of proof. Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). First, the petitioner must plead and demonstrate that circumstances have "substantially changed since the final judgment." Id. at 641. Second, the petitioner must establish that
the change has such an important impact on the child that the court is justified in imposing a change of custody in the "best interests" of the child. Although the "best interests" aspect of this test involves a consideration of the same general factors that are used to make an initial decision, the trial court must understand that the analysis in a modification proceeding is substantially different from when the initial child custody decision is made.
Id. It is not enough that the change of custody would be better for the child; rather, it must also be shown that maintaining the court-ordered custody arrangement would be harmful to the child.
[A] change of custody is appropriate when, after a review of all of the factors enumerated in section 61.13(3), Florida Statutes, the trial court finds that a change in custody will so clearly promote or improve the child's well-being to such an extent that any reasonable parent would understand that maintaining the status quo would be detrimental to the child's overall best interests. This test involves more than a decision that the petitioning parent's home would be "better" for the child, and requires a determination that there is some significant inadequacy in the care provided by the custodial parent. At this extraordinary level, the trial court may veto a custodial parent's desire to retain custody of the child.
Id. at 641-42.
Here, although the trial court properly applied the factors set forth in section *1106 61.13, Florida Statutes (2003), the court failed to find and the evidence failed to establish that maintaining the original custody arrangement would be detrimental to either child. The failure to prove the second prong of the extraordinary burden test requires us to reverse the final judgment. There is no evidence whatsoever that the children suffered in Ms. Giangrande's care, and her move to a foreign country, without more, is not a substantial change of circumstances. See Sotomayor v. Sotomayor, 891 So.2d 559 (Fla. 2d DCA 2004).
On remand, the trial court shall enter an order reinstating Ms. Giangrande as the children's primary residential custodian and provide for an orderly transfer of custody from Mr. Henao to her. In light of the mother's relocation, it will be necessary on remand to reexamine the visitation schedule.
Reversed and remanded for further proceedings.
WHATLEY and NORTHCUTT, JJ., Concur.