PER CURIAM.
The trial court erred as a matter of law by modifying the parties’ custody arrangement after finding that the parties’ relocation to different cities in Okaloosa County, which resulted in each of them living twenty miles from their child’s school in Oka-loosa County, constituted a substantial change of circumstances.
Courts have repeatedly found that relocation does not itself constitute a substantial change of circumstances warranting modification of custody. See Ragle v. Ragle, 82 So.3d 109 (Fla. 1st DCA 2011) (moving to a new home 28 miles from the father’s previous home characterized as a “minor relocation”); Ogilvie v. Ogilvie, 954 So.2d 698 (Fla. 1st DCA 2007) (relocation from New York to Florida); Sotomayor v. Sotomayor, 891 So.2d 559 (Fla. 2d DCA 2004) (relocation from New York to Florida, when visitation agreement contemplated that the parents would live in the same *986 city); Zugda v. Gomez, 553 So.2d 1295 (Fla. 3d DCA 1989) (relocation from Florida to Michigan).
When the parties’ settlement or visitation agreement expressly prohibits a move, thus establishing that the parties had previously litigated the issue, the party who seeks to relocate must show a substantial change in circumstances to justify the relocation. Mize v. Mize, 621 So.2d 417, 420 (Fla.1993) (visitation order provided that “[b]oth parties are expressly forbidden to move [the child] from the State of Florida without the express permission of this Court”). In contrast, in the case at bar, the Marital Settlement Agreement incorporated into the Final Judgment of Dissolution provides:
It is further anticipated that the parties shall continue to reside in close proximity to one another, i.e., in the same school district. If either party chooses to relocate outside the school district, then the relocating party shall give the other party at least ninety days written notice of same. This will allow enough time to negotiate a stipulated resolution of related issues or the time to attend mediation or obtain judicial relief.
Although this expresses a hope that the parties would remain in close proximity to each other, the possibility of relocation is expressly contemplated. Moreover, both parents are still in the same Okaloosa County School District.
REVERSED and REMANDED.
PADOVANO, ROWE, and OSTERHAUS, JJ., concur.