PER CURIAM.
The parties are the parents of four minor children and were divorced by a final judgment entered May 31, 1967. In said judgment, the appellee and the four minor children were given the right to reside in what had been the marital home of the parties, title to which was in the name of the appellee, the appellant, and the four mi *493 nor children. The appellant was required to maintain the premises, i. e., mortgage payments, taxes, insurance, etc.
On March 20, 1968, the appellee filed a petition seeking to affix responsibility on the appellant in reference to the disposition of the residence, in satisfaction of certain tax claims of the Federal Government against the parties to this appeal and the property. The petition was answered by the appellant, which answer suggested the appointment of a guardian ad litem in the interest of the four minor children,- who owned a four-sixths interest in the residence. This was done and, following subsequent proceedings, the trial court entered various orders fixing liability on the appellant in connection with the disposition of the residence, the interests of the minors, costs, guardian fees, attorneys’ fees, etc. Thereafter, the trial judge fixed the amount of money for which the appellant was responsible and required to pay.[1] The appellant has prosecuted this appeal, contending that the court erred in taking jurisdiction of the subject matter and in the authority to award costs to the guardian, attorneys’ fees both to the guardian and to the appellee.
A complete review of the record fails to reveal any error on the part of the trial judge. He specifically granted the appellee and the minor children the right to reside in the residence with the appellant to maintain same and, in the very paragraph in which he gave the appellee and the minor children the right to reside in the premises, he retained a continuing jurisdiction over all matters pertaining to the minor children and their right to reside in the residence. He was authorized, as requested by the appellant and the appellee, to appoint a guardian ad litem and he was justified in awarding the fees given because said fees both benefited the minor children of the parties and protected their interests. See: Cone v. Cone, Fla.1953, 62 So.2d 907; James v. James, Fla.1953, 64 So.2d 534; § 61.13, Fla.Stat., F.S.A.; 17 Fla.Jur., Infants, § 7. The attorney’s fees awarded the appellee were warranted, as she was justified in her action in requiring the appellant to comply with the final judgment relative to a place of abode for her and the minor children, and also in protecting their interests from the action of the Federal Government. Although the appellant was not in actual default under the final judgment, her actions required him to comply with the final judgment and, therefore, she was entitled to her fees. Simpson v. Simpson, Fla.1953, 63 So.2d 764; Berger v. Berger, Fla.App.1966, 182 So.2d 279; Coggan v. Coggan, Fla.App.1966, 183 So.2d 839; § 61.15, Fla.Stat., F.S.A.
Therefore, the action of the trial judge be and it is hereby affirmed.
Affirmed.

. Of course, any money received by the appellee as the natural guardian of the minors will be subject to the provisions of Chapter 744, Florida Statutes, F.S.A.