McCORD, Chief Judge.
This action was filed as an interlocutory appeal from a March 30, 1978, order of the trial court denying appellant’s petition to compel discovery. That nonfinal order is not subject to review. See Fla.App.R. 9.130. We treat the appeal, however, as a petition for common law writ of certiorari and reverse.
This review arose out of a divorce action between appellant/petitioner wife and ap-pellee/respondent husband upon the issue of custody of the parties’ two-year-old son. Based upon an agreement of the parties, the trial court ordered the “Social Economic Service” (the Department of Health and Rehabilitative Services) to furnish a written report on the question of custody. An investigation was then made by that agency, and a report was filed by Velma P. Swaine as a representative of the Department of Health and Rehabilitative Services. The report contains the statements and opinions of unidentified persons to the effect that the wife was cohabiting with her employer; that the employer’s home was an unhealthy environment for the child; that the wife was not living with the child in her original mobile home; that the wife was guilty of violent actions toward the husband on at least two occasions even though the husband did nothing to provoke either; and the opinion, of local law enforcement officers and an unspecified person in the judicial system that the child should not be with the wife. Ms. Swaine recommended that the child’s custody be awarded to the husband. The wife then subpoenaed Ms. Swaine for her deposition, and at the taking thereof, Ms. Swaine refused to answer any questions concerning her report. The wife then filed a petition requesting the court to require Ms. Swaine to submit to discovery deposition and to answer questions concerning her report, contending that the wife cannot obtain evidence to rebut the hearsay statements of unidentified persons contained in the report unless she is permitted to obtain by discovery the names and addresses of the individuals upon whose statements the report was based. The trial court, by the order here reviewed, denied the petition and ordered Ms. Swaine not to communicate any information concerning her investigation in the cause. The court’s order among other things states:
“(3). This Court recognizes the authority cited by Mr. Harris in Kern v. Kern, 333 So.2d 17 (Fla.1976) and recognizes the need and duty of the Court to determine the credibility of the social'worker making the study and evaluate the findings of the report based upon this determination and does follow this decision.
“(4). During the pendency of this Dissolution of Marriage Child Custody Study by Velma Swaine, it was necessary for the child to be taken into protective custody under Chapter 39 of the Florida Statutes.
“(5). Chapter 39.12 of the Florida Statutes provides that all information obtained by an employee of the Division of Children and Youth Services Intake of the Department of Health and Rehabilitative Services should be privileged; the information so obtained under the Chapter 39 investigation cannot be separated from the information obtained in the Dissolution of Marriage Child Custody Study.
“(6). It would not be in the best interest of the witnesses and confidential sources to have their names revealed in a deposition by Ms. Velma Swaine.
(7). To order Ms. Velma Swaine to testify at the deposition concerning her sources would severely handicap and limit her ability to obtain information necessary to carry out her work as an officer of the Division of Children and Youth Services Intake of the Department of Health and Rehabilitative Services under Chapter 39 of the Florida Statutes and thereby deprive the Court in the future of needed information and the children of adequate protection.”
*575 Chapter 39.12, Florida Statutes, is not applicable to this proceeding because this report was sought under and filed in a dissolution of marriage proceeding pursuant to § 61.20, Florida Statutes. Nothing in that statute requires the report to be confidential and if the wife is denied the right to depose Ms. Swaine and the other unnamed social workers who made the investigation and the other unnamed individuals who furnished information in the investigation, the wife will be denied due process in the determination to be made on the child custody issue.
In jKern v. Kern, 333 So.2d 17 (Fla.1976), the Supreme Court ruled that § 61.20, Florida Statutes, is constitutional. In so holding, it stated:
“. . . Implicit in Section 61.20„Flori-da Statutes, of course, is a procedural due process requirement that when the trial court relies on such investigative reports, counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained. In the instant case, nothing prevented Mrs. Kern from calling as witnesses the case workers who prepared the reports as well as the persons whom they interviewed nor from attempting to discredit the methods used to reach conclusions adverse to her cause. . . . ” (emphasis supplied)
The court then indicated that even if the witnesses interviewed by the case workers should be unavailable at trial, their presence would not be necessary to make the report admissible. In Kern, the issue was admissibility of the report while here the issue is whether or not the wife will be allowed to depose the caseworker who prepared the report and determine the identity of the assisting caseworkers and the persons who furnished information to them. In our view, the wife is entitled to have this information in order to attempt to refute the damaging anonymous information contained in the report. The Supreme Court is apparently of the same view as shown by the above quote from its opinion in Kern. The trial court’s order departs from the essential requirements of law and we find the issue of sufficient importance for us to take jurisdiction by common law certiorari at this stage of the proceedings.
Certiorari is granted, and the trial court’s order of March 30, 1978, is quashed with directions to enter an order directing Velma P. Swaine to submit to the wife’s discovery deposition and to answer the wife’s questions concerning her report.
MELVIN and BOOTH, JJ., concur.