BASKIN, Judge.
Janet Cooper appeals an order awarding fees to the attorney who served as guardian ad litem for her minor child in a dissolution proceeding. The order states that the attorney shall “recover from Janet L. Cooper the sum of $18,750.00 that shall bear interest at the rate of 12% a year for which let execution issue.” We reverse the order for several reasons.
First, the record is devoid of expert testimony establishing the reasonable value of the attorney’s services.[1] Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990). In addition, the attorney failed to present competent substantial evidence to support his assertions that he spent the entire 125 hours protecting the child’s interests and that no portion of that time involved efforts to collect a previously awarded fee.[2] Compare Saussy v. Saussy, 560 So.2d 1385 (Fla. 2d DCA 1990); Green v. Green, 230 So.2d 492 (Fla. 3d DCA 1970). Finally, the trial judge failed to set forth specific findings of fact concerning the requisite factors in determining a fee award as mandated by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified by, Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). E.g., Garcia v. Garcia, 570 So.2d 357 (Fla. 3d DCA 1990); Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989). Thus, the fee award may not stand.
Reversed and remanded.

. Although Janet Cooper does not dispute that the attorney spent 125 hours on the case, the record contains no evidence as to the reasonableness and necessity of the expended time. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified by, Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).

. On remand, we direct the trial court’s attention to Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla.1988), as guidance in determining the party responsible for payment of the fee.