655 So.2d 1251 (1995)
John J. METCALFE, Appellant,
v.
Cynthia U. METCALFE, Appellee.
Nos. 93-2411, 94-70.
District Court of Appeal of Florida, Third District.
May 31, 1995.
*1252 David A. Donet, Coral Gables, Elser, Greene, Hodor & Fabar, and Cynthia Greene, Miami, for appellant.
Paul R. Marcus, Miami, for appellee.
Before HUBBART and COPE and GREEN, JJ.
PER CURIAM.
This is an appeal by the husband John J. Metcalfe from a final order granting the wife's motion to change the custody of the parties' two minor children from the husband to the wife Cynthia U. Metcalfe which was entered below after a non-jury trial. We reject the points on appeal raised by the husband and affirm.
First, the trial court did not err, as urged, in denying the husband's discovery requests directed to the guardian ad litem appointed by the court for the two minor children. The requested material consisted of documents, reports and information obtained from third parties in connection with the guardian's investigation of this case. Section 61.404, Florida Statutes (1993), provides that a "guardian ad litem shall maintain as confidential all information and documents received from any source described in s. 61.403(2) and may not disclose such information or documents except, in the guardian ad litem's discretion, in a report to the court, served upon both parties to the action and their counsel or as directed by the court." *1253 Section 61.403(2), in turn, describes the following sources: "a specified person, agency, or organization, including, but not limited to, hospitals, medical doctors, dentists, psychologists, and psychiatrists... ."[1] It accordingly follows (1) that the guardian ad litem must maintain as confidential "all information and documents" received from these sources in connection with the guardian's investigation of the case, except that in the guardian's discretion, a report containing the substance of such information received may be filed by the guardian with the court and served on the parties[2]  and (2) that the trial court properly denied the husband's discovery request to obtain such information and documents from the guardian ad litem in this case.
Contrary to the husband's argument, no due process violation has been shown by this procedure. The guardian ad litem filed and served on the parties and their counsel a report concerning his investigation and recommendations in this case. In the report, he disclosed all of the people he had interviewed in connection with this case so that the husband was free to interview or depose any of these people. Moreover, we think Hill v. Hill, 371 So.2d 573 (Fla. 1st DCA 1979), relied on by the husband, is inapplicable to this case because Hill involved a "home study" report as to which no privilege existed concerning the information upon which the report was based; in the instant case, however, a statutory privilege exists as to the information and reports upon which the guardian based the report filed and served below.
Second, there was substantial, competent evidence adduced below supporting the change of child custody ordered by the trial court. This evidence tended to show that there has been a substantial and material change of circumstances since the final judgment of marriage dissolution of such a magnitude that it would be detrimental for the children to remain in the custody of the husband, and that the best interests of the children would be promoted if the wife, who has since remarried, obtained custody of the children. See Spradley v. Spradley, 335 So.2d 822 (Fla. 1976); Mulford v. Sullivan, 467 So.2d 1093 (Fla. 1st DCA 1985); McIntyre v. McIntyre, 452 So.2d 14, 19 (Fla. 1st DCA 1984); see also Ritsi v. Ritsi, 160 So.2d 159, 164 (Fla. 3d DCA 1964).
Finally, there is no merit to the remaining points on appeal raised by the husband. In particular, the trial court had the inherent authority to appoint and award a reasonable fee to the guardian ad litem in this case. Green v. Green, 230 So.2d 492 (Fla. 3d DCA 1970) (court order requiring husband to pay fees to the court-appointed guardian ad litem for parties' four minor children in post-judgment divorce proceedings upheld; the trial judge "was authorized ... to appoint a guardian ad litem and he was justified in awarding the fees given [to the guardian] because such fees both benefited the minor children of the parties and protected their interests." Id. at 493). The order of appointment did not indicate that this was a pro bono appointment, and, consequently, the parties were on notice that the award of such a fee was a possibility in this case in the discretion of the trial court. The fact that the guardian initially indicated to the parties that he would not seek such a fee did not, as urged, preclude the guardian from later changing his mind in view of the enormous *1254 amount of time and expense that he was required to expend in this case, and the extraordinary impact on the guardian's availability to his regular law practice. Cooper v. Kahn, 600 So.2d 35 (Fla. 3d DCA 1992); Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), rev. denied, 536 So.2d 243 (Fla. 1988); see Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); cf. White v. Board of County Comm'rs, 537 So.2d 1376, 1380 (Fla. 1989) (court-appointed attorney); Marion County v. Johnson, 586 So.2d 1163, 1167 (Fla. 5th DCA 1991) (attorney ad litem). See generally Senate Judiciary Civil Committee of Florida, Staff Analysis on S.B. 110 [§§ 61.401-.404, Fla. Stat. (1993)], at 2 (February 22, 1990) ("The court could tax the temporary and permanent fees of and costs incurred by the guardian ad litem and his attorney against either or both parties. Costs and fees could not be taxed against the guardian ad litem or the guardian ad litem program."). Moreover, no showing has been made that the husband detrimentally relied on the guardian's earlier indication that he would not seek fees, or, that, indeed, he ever requested the guardian to perform any services in this case at all.
Affirmed.
HUBBART and GREEN, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur with regard to the order changing custody of the children.
I respectfully dissent from the affirmance of the attorney's fee award to the guardian ad litem. The majority opinion states, "The order of appointment [of the guardian ad litem] did not indicate that this was a pro bono appointment, and, consequently, the parties were on notice that the award of such a fee was a possibility in this case in the discretion of the trial court." Majority opinion at 1253.
The suggestion that the parties were on notice that a fee might be charged is contrary to the undisputed evidence in the record. The guardian ad litem himself was very specific that he was appointed with the understanding that this was a pro bono matter. He stated that he "spoke with counsel who ... anticipated that I would not receive a fee and I have to say that candidly on the record." Counsel for the husband and counsel for the wife both were unequivocal about their understanding that the assignment was pro bono, and consequently that there was no entitlement to a fee award for the guardian ad litem. Both parties acknowledged that the guardian ad litem had done an outstanding job. By virtue of the original understanding, however, both stated that the guardian should be compensated for out-of-pocket costs, but not fees.
The guardian ad litem indicated that when he undertook the assignment, he anticipated that this would be a relatively short, well defined matter. As events worked out, the change-of-custody proceedings became protracted and consumed a significant amount of his time over a two-year interval from 1991 to 1993. Because of the magnitude of the time involved, the guardian ad litem felt that it was reasonable to request a fee award as well as out-of-pocket costs. The guardian ultimately submitted a claim for about half of the hours he and his associate had expended. The trial court entered a judgment in favor of the guardian ad litem for $24,300 in fees and $519 in costs.
Where a guardian ad litem undertakes an assignment with the understanding that it is pro bono, and the guardian ad litem later decides that his or her services should be compensated, it is incumbent on the guardian ad litem to give prompt notice of that fact to the court and the parties before further services are performed. By that means, the court and the parties can make an informed decision about how to proceed in the case before fee obligations are incurred. One option is simply to allow the guardian ad litem to submit a final report and withdraw. Another possibility is to substitute another guardian ad litem who is willing to serve on a pro bono basis. Another option is to redefine the guardian ad litem's role to limit the time commitment to a more manageable level.
It is not fair to the parties to retroactively change what was to have been an unpaid assignment into a paid assignment. If the *1255 guardian ad litem is no longer able to proceed on a pro bono basis, then an appropriate motion should be filed requesting leave to withdraw or to convert the matter into a paid assignment. If the court elects to convert the assignment to a fee-paying one, the authorization for payment should extend to time subsequently expended, but not to hours previously incurred on a pro bono basis.
There is no doubt that the guardian ad litem in this case expended many hours in the interests of the minor children. Under the circumstances, however, the order awarding attorney's fees to the guardian ad litem should be reversed.
NOTES
[1] Section 61.403(2), Florida Statutes (1993) provides as follows:

"(2) The guardian ad litem, through counsel, may petition the court for an order directed to a specified person, agency, or organization, including, but not limited to, hospitals, medical doctors, dentists, psychologists, and psychiatrists, which order directs that the guardian ad litem be allowed to inspect and copy any records and documents which relate to the minor child or to the child's parents or other custodial persons or household members with whom the child resides. Such order shall be obtained only after notice to all parties and hearing thereon."
[2] The Senate Judiciary Civil Committee's staff analysis of the bill, which ultimately became Section 61.404, Florida Statutes (1993), confirms that "[a]ny records obtained from doctors, psychiatrists, hospitals, etc., would be kept confidential and the information could only be released in the guardian ad litem's report to the court." Senate Judiciary Civil Committee of Florida, Staff Analysis on S.B. 110, at 2 (February 2, 1990).