CASANUEVA, Judge.
The Department of Children and Family Services petitions this court to quash an order of the trial court entered on John Patterson’s motion to compel deposition. We deny the petition in the main, grant it in part, and remand with instructions for the circuit court to amend the. order to require further safeguards against disclosure of certain protected information.
Attorney John Patterson formerly worked for the Department; his employment which began in May 2001, was terminated in October 2002, allegedly based on unsatisfactory performance. Mr. Patterson, believing he had been terminated because of complaints he had made concerning the way the Department handled cases, filed a one-count complaint against the Department alleging a violation of Florida’s Whistle-blower’s Act. See §§ 112.3187-31895, Fla. Stat. (2002). In the discovery stage of the proceedings, Mr. Patterson noticed for deposition two of his former supervisors. During the first deposition, Mr. Patterson’s counsel began inquiring about particulars of individual cases; the Department’s counsel objected, stating that the information sought was confidential pursuant to chapter 39. The deponent, as the attorney responsible for the cases, would not reveal the statutorily protected information without a prior in camera inspection and order by the court that the material was relevant and disclosure permissible. The deposition was terminated at this point.
Mr. Patterson then filed a motion to compel deposition. After hearing, the circuit court granted the motion and ordered that all questions and answers disclosing information protected under section 39.202, Florida Statutes (2002), be grouped in one area. At the conclusion of the deposition, the court would then perform an in camera inspection of the segregated materials to determine whether they contain information necessary for the prosecution of Mr. Patterson’s case. The Department filed this petition for writ of certiorari seeking an order requiring the circuit court to perform the in camera inspection of the protected material and determine its relevancy prior to allowing its disclosure in the deposition.
A petition for writ of certiorari is appropriate when a pretrial order departs from the essential requirements of law and causes material injury to a party through *339 out the remainder of the proceedings, effectively leaving no adequate remedy on appeal. State Farm Mut. Auto. Ins. Co. v. Peters, 611 So.2d 597 (Fla. 2d DCA 1993). A dispute regarding an order compelling discovery of material protected under chapter 39 is appropriately settled in a certiorari proceeding. Hill v. Hill, 371 So.2d 573 (Fla. 1st DCA 1979).
Section 39.202(1) requires the Department to maintain the confidentiality of the records of children and families concerning reports of abandonment, abuse, and neglect. Specifically, this section exempts such material from the open records provisions of section 119.07(1). However, such records can be disclosed under certain circumstances, and those circumstances are present here. Section 39.202(2)(f) provides:
(2) Access to such records, excluding the name of the reporter which shall be released only as provided in subsection (4), shall be granted only to the following persons, officials, and agencies:
[[Image here]]
(f) A court upon its finding that access to such records may be necessary for the determination of an issue before the court; however, such access shall be limited to inspection in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it.
The Department argues that the in camera inspection must be performed prior to questioning the deponent about the protected information. The statute does not expressly require this, but provides only that the court must not allow public disclosure unless necessary to resolve an issue before it. The circuit court’s order attempted a balancing act between going forward with the deposition and fair prosecution of Mr. Patterson’s suit on one hand and the Department’s well-founded confidentiality concerns on the other. The court’s order falls short, however, of the necessary protection. While it seeks to segregate the disputed material for its later in camera review, it fails to adequately prevent inadvertent or intentional disclosure by deponents or others present at the deposition. Once the protected information is divulged in the deposition, without a confidentiality safeguard in place there is no way further disclosure can be avoided. A confidentiality order is required to ensure statutory compliance until the trial court completes its in camera review.[1]
Therefore, we deny the Department’s petition in part but remand so the court may expand its order on Mr. Patterson’s motion to compel deposition. When the depositions reconvene, any person present at the deposition should be precluded from subsequently discussing with or disclosing to outsiders any potentially confidential information heard at the deposition until further order of the court following its in camera review of the materials.
Petition denied in part and granted in part and remanded with instructions.
ALTENBERND and KELLY, JJ„ Concur.

. Judge Oliver L. Green, Jr. provided such safeguards in an earlier order in these proceedings. We direct the trial court's attention to the language used in that June 29, 2004, order on the Department s motion for protective order and the plaintiff’s motion to compel.