578 So.2d 54 (1991)
Myrtice Jane HAYES, Appellant,
v.
Terry W. HAYES, Appellee.
No. 90-03245.
District Court of Appeal of Florida, Second District.
April 19, 1991.
*55 Ernest M. Jones, Jr., Lakeland, for appellant.
Richard J. Wiley of Lakeland Legal Center, Lakeland, for appellee.
PER CURIAM.
This is an appeal from a nonfinal order issued without notice temporarily enjoining the primary custodial parent from removing the parties' minor child from Polk County. Appellant, the mother and custodial parent, complains only that the verified pleading requesting the order and the order failed to comply with Florida Rule of Civil Procedure 1.610. Because we find the verified pleading failed to comply with rule 1.610, we need not address in detail the deficiencies of the order.
The parties' final judgment of dissolution awarded shared parental responsibility, designated the mother as primary custodial parent, and granted "reasonable and liberal visitation" to appellee, the father. The judgment contained no restriction against removing the minor child and her place of residence from Polk County or the state without prior approval, either of the father or the court.
When the mother told the father she intended to move with the minor child to Maryland for a better employment opportunity, the father filed a verified petition for modification of custody. In the petition, he requested custody of their minor child based on the substantial changed circumstance of the mother's announced relocation. He alleged the change of residence would deny him the right to shared parental responsibility, and the child the right to frequent and continuing visitation as awarded in the judgment. Alternatively, the petition sought to restrain and enjoin the mother from changing the child's residence or removing the child from Polk County. The petition did not set forth what, if any, efforts had been made to give notice to the mother or why notice should not be required. The day the petition was filed the judge entered an ex parte order temporarily enjoining the mother from removing the child from Polk County. The order did not define the injury or state why the injury may be irreparable or why the *56 order was entered without notice, nor was it conditioned on the posting of a bond.
Before the court may enter a temporary injunction, the movant must file a verified pleading specifying facts showing immediate and irreparable harm. Fla.R.Civ.P. 1.610(a). In addition, the movant's attorney must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fla.R.Civ.P. 1.610(a). The father's petition for modification failed in all these respects.
The only fact alleged that could conceivably be construed as immediate and irreparable injury is the relocation of the mother to a foreign state. Where the final judgment of dissolution does not restrict the residence of the minor child, the mere assertion that a custodial parent intends to move to a foreign state, without more, is not a substantial change in circumstances which would support a change of custody. Zugda v. Gomez, 553 So.2d 1295 (Fla. 3d DCA 1989); Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988). If the potential move is not a substantial change in circumstances, it is not immediate and irreparable harm justifying the entry of a temporary injunction without notice.
With respect to the order, we find the trial court erred in failing to condition the temporary injunction on the posting of a bond. Fla.R.Civ.P. 1.610(b). Any further attempts by the movant to temporarily enjoin the mother without notice must be made in compliance with the applicable authorities.
Reversed and remanded.
SCHEB, A.C.J., and THREADGILL and PARKER, JJ., concur.