643 So.2d 1170 (1994)
Valerie L. DOSS, Appellant,
v.
Donald C. DOSS, Jr., Appellee.
No. 93-03770.
District Court of Appeal of Florida, Second District.
October 12, 1994.
David M. Wall, Clearwater, for appellant.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee.
THREADGILL, Judge.
Valerie Doss, the former wife, challenges a temporary injunction that required her to *1171 immediately return her children to the residence of her former husband. Because the motion for temporary injunction and the order granting the temporary injunction did not comply with the requirements of Florida Rule of Civil Procedure 1.610,[1] we reverse.
The final judgment entered in the parties' dissolution of marriage ordered that, except for two week vacations, neither party was to remove the parties' children from Florida without the prior written consent of the other or a court order. In August and September of 1993, the former wife filed a petition for modification and a motion for permission to leave the state. The trial court postponed the hearing on the motions at the former husband's request. In early October, the former wife moved with the children to Minnesota. The former husband filed a motion for temporary injunction without notice, requesting that the former wife be required to return the children to his Florida residence pending the determination of the modification proceedings.
The trial court issued the temporary injunction without notice to the former wife, finding that such notice would cause the former husband or persons related to him further risk of injury by the former wife. On November 4, 1993, the former wife filed a timely notice of appeal of the temporary injunction. Pursuant to Florida Rule of Appellate Procedure 9.130(f), the trial court proceeded with the modification hearing. On January 28, 1994, the trial court orally announced that the former wife would be permitted to move the children to Minnesota, which she has done. We recognize that the trial court's oral ruling effectively dissolved the temporary injunction but because the trial court has not yet rendered a written order, we decline to dismiss the appeal as moot as urged by the former husband.
The motion for temporary injunction without notice was deficient because it did not contain a verification of truthfulness nor was it executed under oath. Such verification is a necessary basis for a temporary injunction without notice. Fla.R.Civ.P. 1.610(a)(1)(A); Tampa Port Auth. v. Deen, 179 So.2d 416 (Fla. 2d DCA 1965). Also absent in the motion was a certification in writing by the former husband's attorney as to efforts made to give notice or reasons why notice should not be given. Such a certification is required under rule 1.610(a)(1)(B) and (C), before a temporary injunction without notice may be granted. Hayes v. Hayes, 578 So.2d 54 (Fla. 2d DCA 1991); Soffer v. Leopold, 531 So.2d 201 (Fla. 3d DCA 1988).
The injunction was also deficient in that the trial court failed to make findings concerning the nature of the injury as required by rule 1.610(a)(2), and failed to require the former husband to give a bond as required by rule 1.610(b). Based on these deficiencies, we reverse the order granting the temporary injunction and remand for further proceedings.
Reversed and remanded.
SCHOONOVER, A.C.J., and QUINCE, J., concur.
NOTES
[1] Rule 1.610 provides in pertinent part:

(a)(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall ... define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given.
....
(b) No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper... .
....
(c) Every injunction shall specify the reasons for entry, [and] shall describe in reasonable detail the act or acts restrained... .