698 So.2d 947 (1997)
Lindsay SIMMONS, Appellant,
v.
Steven J. SIMMONS, Appellee.
No. 97-2705.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
Barry I. Finkel of Barry I. Finkel, P.A., Fort Lauderdale, Hal Vogel, Hollywood, for appellant.
Louis C. Arslanian, Hollywood, for appellee.
PER CURIAM.
This is an appeal by the non-resident mother of a non-final order, granting an emergency injunction/restraining order and awarding temporary custody of the parties' child to the resident father.
The father has conceded that the order on appeal should be vacated because it was erroneously entered without notice to the mother, under circumstances where no sufficient reason was supplied not to give the mother notice, and without reasons why it was entered without notice, as required by Florida Rule of Civil Procedure 1.610(a)(2).
This court and others have consistently reversed temporary custody orders entered without notice to one of the parties, or with insufficient notice, or with insufficient opportunity to be heard. See Shaw v. Shaw, 696 So.2d 391 (Fla. 4th DCA 1997); Loudermilk v. Loudermilk, 693 So.2d 666 (Fla. 2d DCA 1997); Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996).[1]
*948 Accordingly, we reverse and remand for further proceedings consistent herewith.
GLICKSTEIN, GUNTHER and FARMER, JJ., concur.
NOTES
[1] It is also clear that the allegations of the father's emergency motion for ex parte injunction/restraining order and temporary custody were insufficient to give the trial court emergency jurisdiction under section 61.1308(1)(c) 2, Florida Statutes (1995), for a permanent change in custody because there were no allegations of mistreatment and abuse occurring in Florida at the time of the filing of the petition. See Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983). As the mother contends, the father's allegationsthat the child had been abused in New Mexico and the abuse would continue upon his return to the mother therecould permit a Florida court at most to take jurisdiction to enter a temporary protective order which would preserve the status quo long enough for the father to apply for a change in permanent custody from a court in the state determined to have jurisdiction under the Uniform Child Custody Jurisdiction Act. Id. at 1019.