POLEN, J.
Appellants appeal from two non-final orders, one which granted a temporary injunction without notice, and the other which denied their motion to dissolve it. Among other issues, they argue that the motion for temporary injunction failed to comply with the notice requirements of Florida Rule of Civil Procedure 1.610(a). They also argue that the trial court abused its discretion in not requiring the Attorney General to post a bond. We are unpersuaded by the merits of these arguments and, thus, affirm.

Facts

The Attorney General filed a complaint against appellants for violations of the Florida Deceptive and Unfair Trade Practices Act.[1] It alleged that appellants engaged in the business of advertising and promoting the ability of consumers, many of whom had bad credit, to obtain a credit card. It further alleged that appellants misled consumers into believing they would receive a pre-approved credit card, and then provided them, instead, with a list of banks to apply to for credit.
Simultaneous with the complaint, the Attorney General filed a motion for temporary injunction without notice. Fla. R. Civ. P. 1.610(a)(1). In this regard, the Attorney General alleged that without an injunction, appellants would increase the number of aggrieved consumers, and that it had no remedy at law to protect the consumer public. It also alleged that, as a state agency, it was not subject to the requirement of providing a bond under Florida Rule of Civil Procedure 1.610(b).
The court granted the temporary injunction without notice, and without requiring the Attorney General to post a bond. It barred appellants from contacting or selling such services or products to Florida consumers. The order also froze all bank accounts, safe deposit boxes, surety bonds, and other investment accounts of the individual and corporate defendants until further order. The next day, the temporary *1227 injunction was modified by agreed order which released certain accounts from the injunction.
Thereafter, appellants filed a motion to dissolve the temporary injunction for failure of the Attorney General to post a bond and to follow the procedures delineated in Florida Rule of Civil Procedure 1.610(a). Following a hearing, the court denied the motion.

Merits

As a general rule, the trial court has sound discretion to grant and continue injunctions. Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744, 745 (Fla. 4th DCA 1999). Nevertheless, a temporary injunction is an extraordinary remedy which should be granted only sparingly. Hiles v. Auto Bahn Fed’n, Inc., 498 So.2d 997, 998 (Fla. 4th DCA 1986). To obtain a temporary injunction, the moving party must demonstrate: (1) it will suffer irreparable harm unless the status quo is maintained; (2) there is no adequate remedy at law; (3) it has a clear legal right to the relief requested; and (4) a temporary injunction will serve the public interest. South Florida Limousines, Inc. v. Broward County Aviation Dep’t, 512 So.2d 1059,1062 (Fla. 4th DCA 1987). The movant bears the burden of going forward with evidence to establish a prima facie case to support the injunctive relief. Dept. of Community Affairs v. Holmes County, 668 So.2d 1096, 1101 (Fla. 1st DCA 1996); DeLisi v. Smith, 401 So.2d 925, 928 (Fla. 2d DCA 1981). The trial court may dissolve a temporary injunction if, among other grounds, it is without basis in the pleadings and evidence, or is illegal in its nature. World Sec. Fund v. Schmidt, 406 So.2d 511, 512 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 877 (Fla.1982).
Appellants argue that the motion for temporary injunction was deficient because it did not contain certification by plaintiffs counsel describing the efforts made to give notice and reasons why notice should not be required. See Fla. R. Civ. P. 1.610(a)(1)(B), (C). We disagree. Where the defendant has received the benefit of notice and an opportunity to be heard at a hearing on a motion to dissolve, any issue regarding prior notice is moot. State v. Beeler, 530 So.2d 932, 934 (Fla.1988).
Appellants also argue that the trial court abused its discretion in not requiring the Attorney General to post a bond. Again, we disagree. Florida Rule of Civil Procedure 1.610(b) provides that when an injunction is issued on the pleading of any state agency, the court may require or dispense with a bond. Fla. R. Civ. P. 1.610(b). Thus, we cannot say that the court abused its discretion in not requiring the bond.
Appellants further claim that the complaint did not allege the ultimate facts required for injunctive relief. We, again, disagree. The Attorney General alleged appellants misled consumers as to the nature of the product or consumer services being sold and the ability to obtain a credit card. Furthermore, it alleged that injunc-tive relief was necessary to prevent irreparable injury to the public. We hold these allegations were sufficient.
Of the remaining points appellants raise on appeal, we affirm as unpersuasive.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.

. § 501.201, Fla. Stat., el seq. (1997).