761 So.2d 478 (2000)
Roy E. JONES, Appellant,
v.
Kathryn K. JONES, Appellee.
No. 5D99-2958.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
*479 Robert Robins, Daytona Beach, for Appellant.
Steven J. Guardiano and Rick Brown, Daytona Beach, for Appellee.
W. SHARP, J.
Roy Jones appeals from an order of the trial court, denying his motion to dissolve a temporary injunction, which ordered him not to remove his children[1] from the custody of his former wife (Kathryn Jones), until the court rules on the former wife's motion for modification of the dissolution judgment. He argues that the injunction was improperly issued, and thus the trial court should have dissolved it. We agree.
The record discloses that Roy and Kathryn were divorced on May 23, 1991, in Florida. The court ordered shared parental responsibility and gave Roy primary residential custody of the children. They lived with Roy outside Florida, until the summer of 1999. Kathryn remained a resident of Florida.
After the children spent a six-week visitation with Kathryn in Florida in the summer of 1999, she refused to return them to Roy. Kathryn filed an emergency motion for temporary relief without notice to Roy, claiming that the parties had entered into an oral agreement to modify primary residential custody of the children to herself. Kathryn alleged Roy had threatened to remove the children from her home by force, that the children did not want to return to his custody, that Roy had moved several times from state to state, and that he had enrolled the children in more than 10 different schools. Kathryn alleged she could not give timely notice to Roy because he had recently moved from Michigan to Ohio, and thus she asked the court to waive notice requirements under Florida Rule of Civil Procedure 1.610(a).
Kathryn also filed a motion for modification of primary residential custody. She alleged similar facts and circumstances: that Roy had moved from Florida to other states numerous times, while she had maintained the same residence for the past three years. Kathryn alleged that Jessie had not attended school for the 1998-99 year, but had been permitted to work full time at Burger King. Kathryn alleged she would be better able to provide the children with a stable environment.
The court issued an order dated August 25, 1999, finding Kathryn had pled sufficient facts under rule 1.610(a) to waive the notice requirements. It designated her as the temporary primary residential parent of the children. It also enjoined Roy from removing the children from Kathryn's custody until it was able to rule on the merits of the motion for modification of custody. Roy did not appeal any of these rulings.
On September 3, 1999, Roy filed motions to enforce the final judgment of dissolution, to dismiss the motion for modification, to dissolve the injunction, to hold Kathryn in contempt for failure to pay child support, and to take testimony on the telephone. With regard to the injunction, Roy pointed out that Kathryn had failed to attach a UCCJA affidavit[2] to her motion, that her emergency motion for an injunction was not verified or sworn to as required by rule 1.610(a) and (c), and that she failed to allege any basis for an emergency or irreparable harm to the children.
The court held a hearing on Roy's motions on October 7, 1999, and issued an order denying his motion to dissolve the injunction. It ordered Kathryn to file an amended emergency motion and to post a $1,205 bond within 24 hours. Thereafter Kathryn filed an amended motion for an injunction which was verified and to which she attached a UCCJA affidavit.
Roy appeals from the court's order denying his motion to dissolve the injunction. We have jurisdiction pursuant to *480 Florida Rule of Appellate Procedure 9.130(a)(3)(B), which permits an appeal from a non-final order denying a motion to dissolve an injunction.
Florida Rule of Civil Procedure 1.610(a) provides:
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit, or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required. (emphasis added)
The rule also provides:

Every temporary injunction granted without notice shall ... define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice .... (emphasis added)
A temporary injunction issued without notice is an extraordinary remedy, which should be granted sparingly and only after compliance with rule 1.610. Florida High School Activities Ass'n, Inc. v. Benitez, 748 So.2d 358 (Fla. 5th DCA 1999). Kathryn's motion for a temporary injunction failed to comply with the rule in at least three ways. First, it was not verified and there was no attached affidavit.[3] Second, Kathryn's attorney did not certify as to any efforts to contact Roy. The mere allegation that the children could be removed by Roy before notice could be given to him is an insufficient basis to show why notice should not be required. See Simmons v. Simmons, 698 So.2d 947 (Fla. 4th DCA 1997). Third, the motion fails to set forth facts demonstrating that a true emergency existed or that immediate and irreparable injury of loss was likely had the injunction not been issued without notice.[4]
In addition, the court's order issuing the injunction also failed to comply with rule 1.610. It failed to define what the injury was that mandated the injunction, failed to state findings why the injury could be irreparable and gave no reasons why the order was granted without notice.
Kathryn points out that the hearing of October 7, 1999, which both parties attended, was not recorded and thus Roy cannot demonstrate the court abused its discretion in refusing to dissolve the injunction. She argues that it also follows that the appellate court must presume the judge acted correctly on facts or proofs adduced at the hearing.
However, that hearing was not noticed as an evidentiary hearing. It was directed at the legal sufficiency of the temporary injunction and the manner in which it had been procured. Any evidence presented by Kathryn to sustain the granting or continuation of the injunction contrary to what she initially pled would have been improper for lack of notice. Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988); Somerville v. Reusser, 649 So.2d 339 (Fla. 5th DCA 1995). Because the temporary injunction was issued without compliance with the rule and Roy's due process rights, we reverse the trial court's denial of Roy's motion to dissolve the temporary injunction, and direct that the injunction be dissolved.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Jessie Kelly, born June 4, 1981, and Leslie Wray, born July 2, 1984.
[2] § 61.132 of the UCCJA.
[3] See Crooks v. Crooks, 657 So.2d 918 (Fla. 4th DCA 1995); Hayes v. Hayes, 578 So.2d 54 (Fla. 2d DCA 1991).
[4] See Simmons v. Simmons, 698 So.2d 947 (Fla. 4th DCA 1997); Shaw v. Shaw, 696 So.2d 391 (Fla. 4th DCA 1997).