789 So.2d 353 (2001)
Melissa A. STANLEY-BAKER, Appellant,
v.
Michael H. BAKER and Champion Computer Corporation, Appellees.
No. 4D00-1573.
District Court of Appeal of Florida, Fourth District.
January 10, 2001.
Jeffrey S. D'Amore and Martin L. Haines, III, of Martin L. Haines, III, Chartered, North Palm Beach, for appellant.
David A. Riggs of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, and Barbara J. Compiani and Edna L. Caruso of C, for appellees.
HAZOURI, J.
In this highly litigious divorce proceeding, Wife, Melissa Stanley-Baker, appeals from a nonfinal order modifying the temporary custody arrangement between the parties of their minor children and awarding Husband, Michael Baker, the primary residential custodial designation. She maintains the trial court denied her due process by changing the parties' custody arrangement at a case management hearing. We agree and reverse.
By way of background, the parties were married for three and one-half years before they filed for divorce. They have two minor children as a result of their marriage.
The record reflects that their ensuing divorce proceedings became, at best, quite acrimonious. On October 20, 1999, the court granted Wife temporary relief and awarded her temporary use and occupancy of the former marital home, but designated neither parent as the children's primary residential custodian. The parties were to share parental responsibility.
On January 26, 2000, the court, apparently frustrated at the parties' litigiousness, ordered that the parties take their *354 young daughter to counseling. In March, Husband filed a motion for an order setting a case management conference. When Wife and her attorney did not appear at the hearing on this motion, the court entered an order compelling their attendance at an 8:45 AM hearing on April 6, 2000, to set such a conference.
At the April 6 hearing, Wife appeared unrepresented.[1] Husband's attorney then began arguing the merits of his motions, including a previously filed motion for contempt that had not been noticed to be heard at this hearing. Wife was unprepared for an evidentiary hearing but despite that fact, the court proceeded to take testimony.
Husband first presented a chart showing the times when Wife was entitled to be with the children and went out of town. He testified that placing the children with a nanny during such times instead of letting them remain with him would cause them to suffer from anxiety. He also testified his daughter was benefitting from counseling, but that Wife had canceled many of her sessions and withdrew their daughter from school.
Of import, he introduced an April 5, 2000 letter from his daughter's treating psychologist stating that the child was missing preschool and needed to continue treatment. The letter, upon which the trial court heavily relied, read in full:
This report is in reference to my patient [the parties' daughter] ... who has been under my care and treatment, on a weekly basis, since January 24, 2000. It is my opinion that the counseling has been very helpful to [the child] and that she has benefited [sic] greatly from it. [The child] appears to enjoy the sessions and converses easily. It is also my opinion that it is important for [the child] to continue with counseling on a regular basis.
On Tuesday, April 4, 2000, [Wife] telephoned my office and canceled all of [the child's] appointments. I feel that [the child] should continue to have weekly counseling and that it would be detrimental to her if she stopped at this time. I also believe that [the child] should attend school every day. As a result of her not attending school regularly, she has fallen behind in her age appropriate learning.
The psychologist was not present at the hearing.
In her defense, Wife testified she felt counseling was too confrontational for her daughter and that she did not realize the court had ordered such counseling. She claimed she removed the daughter from school because that was the only time she had to be with her.
The court, citing to the above letter from the psychologist, determined that there existed an emergency and found Wife in contempt. By order dated April 10, 2000, it transferred to Husband primary residential custody of the children and the sole decision-making power concerning their counseling and education. It granted Wife standard visitation. She appeals from this order.
Wife argues the subject order should be reversed because she was not given prior notice that the court would be entertaining evidence at the hearing and, thus, was not afforded a sufficient opportunity to be heard. Husband responds that under the unique, exigent circumstances of this case, the court was justified in immediately *355 transferring temporary custody of the children to him. His argument is flawed. This and other courts have held that only under extraordinary circumstances may a trial court grant a party temporary custody of a child without affording prior notice to the opposing party or an opportunity to be heard. Shaw v. Shaw, 696 So.2d 391, 392 (Fla. 4th DCA 1997) (citation omitted); accord Brouard v. McLean, 753 So.2d 601, 602 (Fla. 4th DCA 2000); Simmons v. Simmons, 698 So.2d 947, 948 (Fla. 4th DCA 1997). This court has explained that a true emergency situation might arise where, for example, a child is threatened with physical harm or is about to be improperly removed from the state. Shaw, 696 So.2d at 392. (citations omitted); accord Simmons, 698 So.2d at 948 n. 1; Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995); Loudermilk v. Loudermilk, 693 So.2d 666, 668 (Fla. 2d DCA 1997) (citations omitted).
No such allegations were made in Husband's motion, nor did the psychologist's letter suggest that any true emergency existed. Thus, when Wife appeared at the hearing, she was unrepresented by counsel, not given prior notice that the parties' custody arrangement over their children could be modified, and was generally unprepared to rebut the evidence against her. In short, she was blindsided. See Busch v. Busch, 762 So.2d 1010 (Fla. 2d DCA 2000)(reversing change of primary custody of minor children to husband following hearing on issue of wife's access to marital home where she was denied due process). Based on this complete lack of due process, we reverse the April 10 order. Because we are reversing, Wife's argument, regarding the propriety of the subsequent order by a successor judge denying her motion to vacate the April 10 order, is hereby rendered moot.
REVERSED and REMANDED for the case to be properly noticed for an evidentiary hearing.
SHAHOOD, J., concurs.
FARMER, J., concurs in result only.
NOTES
[1] Wife indicated she had hired her former attorneys Joel Weissman and Jeff Fisher as her current counsel, but both of them later showed up at the hearing and denied that they were re-entering the case.