793 So.2d 144 (2001)
Elizabeth R. LUCERO, Appellant,
v.
Clay P. LUCERO, Appellee.
No. 2D00-5569.
District Court of Appeal of Florida, Second District.
August 22, 2001.
*146 Keith D. Miller, Bartow, for Appellant.
R. Scott Bunn of Sharit, Bunn, Chilton, Holden & Stambaugh, P.A., Winter Haven, for Appellee.
BLUE, Chief Judge.
Elizabeth R. Lucero, the mother, appeals a temporary restraining order that prohibited her from moving out of state with the parties' minor child. Clay P. Lucero, the father, made an ore tenus motion for the restraining order in a hearing noticed for his motion to compel the Mother to comply with visitation. At this hearing, the Father was represented by counsel, but the Mother appeared pro se. Because the notice was insufficient, and the order was not entered in compliance with the applicable rules of procedure, we reverse.
In Hayes v. Hayes, 578 So.2d 54 (Fla. 2d DCA 1991), this court reversed a nonfinal order temporarily enjoining the primary custodial parent from moving out of state with the child when the requirements of Florida Rule of Civil Procedure 1.610 were not followed and the final judgment of dissolution did not restrict the minor child's residence. See also Doss v. Doss, 643 So.2d 1170 (Fla. 2d DCA 1994) (reversing injunction in family law case that was entered without notice or compliance with requirements of rule 1.610); Dejong v. Dejong, 572 So.2d 11 (Fla. 2d DCA 1990) (same).
Although the Mother was present at the hearing when the Father's attorney made his oral motion for the temporary injunction, the Mother was not given an opportunity to cross-examine the Father's testimony, nor was she allowed to testify fully on the matters before the court. "Notice means reasonable notice, including a meaningful opportunity to prepare and to defend against the allegations of the motion or complaint." Pecora v. Pecora, 697 So.2d 1267, 1268 (Fla. 5th DCA 1997) (concluding that temporary injunction was entered without notice even though trial judge called both parties by telephone to discuss the motion for an emergency temporary injunction).
To enter a temporary injunction without notice, rule 1.610 requires an affidavit or verified pleading that alleges specific facts showing immediate and irreparable injury, loss, or damage. There were no such pleadings or affidavits. The Father suggests that irreparable injury would have resulted from the Mother and child moving to Chicago, but such an argument has been rejected by this court in Hayes, 578 So.2d at 56 (holding that when dissolution judgment did not restrict child's residence, proposed change to out-of-state residence did not constitute immediate and irreparable harm to justify temporary injunction without notice). Rule 1.610 further requires the posting of a bond, which was not done in this case. See Hayes, 578 So.2d at 56; see also Doss, 643 So.2d at 1171.
We cannot conclude our discussion on this point without noting that the trial judge's actions constituted an egregious denial of the Mother's due process rights. After accepting extensive testimony from the Father, the trial judge refused to hear from the Mother, who disputed the factual accuracy of the Father's testimony. With no apparent provocation that we can discern from the transcript, the trial judge threatened the Mother with immediate arrest if she persisted with her attempt to testify. The trial judge lectured the Mother unnecessarily and indicated that he might consider a change of custody, although this issue was nowhere raised by the Father's pleadings or argument. And *147 that was just at the first hearing. Without belaboring the point, we simply encourage the trial judge to be more heedful of the parties before him and the constitutional rights of those parties.
The Mother also appeals the award of attorney's fees to the Father. Need and ability to pay are the primary elements for deciding entitlement to attorney's fees under chapter 61, Florida Statutes. Rosen v. Rosen, 696 So.2d 697, 698 (Fla.1997). In this case, the trial court took evidence only as to the Father's financial circumstances. Although reference was made to the parties' financial affidavits, they were not introduced into evidence. Because there was no evidence regarding the Mother's ability to pay, we reverse the attorney's fee award.
Reversed and remanded.
THREADGILL and DAVIS, JJ., Concur.