PLEUS, J.
Chuck A. Melton, the former husband, appearing pro se, appeals an amended permanent injunction for protection against domestic violence issued against him and entered in favor of his former wife. This court has jurisdiction. Fla. R.App. P. 9.130(a)(3)(B).
A temporary injunction for protection against domestic violence was entered on May 14, 2001. A hearing for a permanent injunction took place on June 15, 2001, after the former wife alleged that Melton had violated the terms of the temporary injunction. Neither Melton nor his counsel, however, received notice of this hearing. Upon discovering a permanent injunction had been entered against him, Melton filed a Notice of Ex Parte Hearing in which he sought to have the injunction quashed. The trial court turned this ex parte hearing bn the motion to quash into a full evidentiary hearing for permanent injunctive relief.
We agree with Melton that the conversion of the hearing to have the injunction quashed into a full evidentiary hearing on a permanent injunction violated Melton’s due process rights. Jones v. Jones, 761 So.2d 478, 480 (Fla. 5th DCA 2000) (hearing held on motion to dissolve temporary injunction could not be expanded into hearing on validity of continuation of injunction consistent with due process principles); see also Murphy v. Ridgard, 757 So.2d 607 (Fla. 5th DCA 2000). We vacate the permanent injunction and remand to the trial court for a properly noticed hearing on the petition for permanent injunc-tive relief.
INJUNCTION VACATED; CAUSE REMANDED.
THOMPSON, C.J., and PETERSON, J., concur.