MAY, J.
The trial court’s attempt to quickly and efficiently resolve sensitive family issues ran afoul of basic procedural requirements: notice and an opportunity to be heard. These procedural requirements are essential in hearings where a trial court changes the custody of minor children. See Montemarano v. Montemarano, 792 So.2d 573 (Fla. 4th DCA 2001). For this reason, the trial court’s order is reversed.
In this case, the husband petitioned the trial court for a domestic violence injunction for protection against his wife. The petition alleged that the wife had been arrested after she physically attacked him. It further alleged that there had been prior incidents of violent conduct and that there was a criminal case pending against the wife.
The court issued a temporary injunction, which prohibited any contact by the wife, and gave the husband exclusive possession of the home and temporary custody of the minor child. The matter was set for final hearing on September 26, 2001.
On September 19, 2001, the wife filed a pro se request for modification of the injunction. She alleged that she had been the victim of the domestic violence, and asked for custody of the minor child. She did not serve the request or a notice of hearing on the husband.
On September 26, 2001, the husband appeared pro se for the final hearing, not knowing that the wife had filed a request for modification. The wife appeared at the hearing with an attorney. The court instructed the wife’s counsel to provide the husband with a copy of the wife’s pro se request for modification. During the hearing, the husband requested a continuance, which the court denied.
Both the husband and wife testified at the hearing. During the husband’s pro se cross examination of the wife, counsel for the wife objected several times. The husband responded that he was sorry for his performance, but explained that a continuance would allow him to obtain counsel.
At the conclusion of the hearing, the trial court modified the injunction to prohibit any violence by the husband against the wife, and awarded possession of the home and custody of the minor child to the wife. From this judgment, the husband appeals.
This Court has previously held that it is improper for a trial court to modify custody arrangements when the aggrieved party has not been provided with notice of the issues raised by an opposing party’s pleadings. See Stanley-Baker v. Baker, 789 So.2d 353 (Fla. 4th DCA 2001). In Baker, this Court stated: “[Ojnly under extraordinary circumstances may a trial court grant a party temporary custody of a child without affording prior notice to the opposing party or an opportunity to be heard.” Id. at 355.
The Second District Court of Appeal similarly held that it was reversible error for the trial court to change the custody of children when there was no emergency and the opposing party had not been given notice of the issues to be addressed at the hearing. See Busch v. Busch, 762 So.2d 1010 (Fla. 2d DCA 2000).
While trial courts have discretion to grant continuances, that discretion cannot be used to deny a party the basic tenets of due process. That is precisely what occurred in this case. The trial court’s order is reversed and the case remanded for a new hearing on the issues *530 raised by the husband’s petition and the wife’s pro se request for modification.
POLEN, C.J., and HAZOURI, J., concur.