958 So.2d 955 (2007)
Jimmy GRAY and Frances C. Gray, Appellants,
v.
Margaret M. GRAY, Jay Raymond Falocco, Mountain View Mortgage Company, Jimmy A. Gray, Janet M. Linn, Watson Custom Home Builders, Inc., and Branch Banking and Trust Company, Appellees.
No. 1D06-4731.
District Court of Appeal of Florida, First District.
April 26, 2007.
Rehearing Denied June 21, 2007.
Frederick R. Brock of Gartner, Brock and Simon, Jacksonville, for Appellants.
Ronald J. Davis, II of the Law Offices of Ronald J. Davis, II, P.A., Jacksonville, and Ross T. Clark, Jacksonville, for Appellees.
BENTON, J.
Jimmy and Frances C. Gray appeal a temporary injunction entered without notice to them. Whether or not the temporary injunction without notice was, as appellants contend, technically deficient, subsequent events have overtaken it: Before they appealed it, Jimmy and Frances C. Gray, defendants below, moved to dissolve the temporary injunction without notice, and participated in an evidentiary hearing on their motion to dissolve. As a result, the temporary injunction without notice was modified (and is subject to further modification once the proceedings precipitated by appellant's motion to dissolve have run their course[1]). Accordingly, *956 we dismiss as moot the appeal from the temporary injunction entered without notice.

I.
In her complaint below, appellee Margaret M. Gray alleged that she was a seventy-three-year-old widow who had been admitted to a nursing home; that, while she was confused and exhibiting symptoms of dementia, and lacked decisional capacity, her brother-in-law, Jimmy Gray, induced her to sign a durable power of attorney, even though members of the nursing staff told him she was not mentally competent to sign such a document; and that, after she had signed the power of attorney and a deed for her house, Jimmy Gray "cleaned out" her bank accounts, cashed her certificates of deposit, sold her house, and purchased vehicles and houses in his and other family members' names, liquidating and converting in all some $340,000 worth of Ms. Gray's assets.
Re-alleging these facts and reciting that she had filed an amended complaint against appellants (and others) alleging fraud, fraud in the inducement, breach of fiduciary duty, and conspiracy to commit fraud, Margaret M. Gray filed an Emergency Motion for Injunction to Freeze or Prohibit Transfer or Expenditure of Funds/Assets/Property. No affidavits were attached to this motion. The motion alleged that conversation with the defendants' criminal defense counsel indicated little was left of her assets, which she had been counting on to maintain her for the rest of her life; and that, without intervention from the court to prohibit the defendants from expending any more of her assets, she would be irreparably harmed. The motion requested that the court grant the injunction without notice to other parties, alleging immediate and irreparable harm, if they were given notice, in that they might move, spend or deplete what remained of Ms. Gray's assets.
Granting the motion, the Order on Temporary Injunction to Freeze or Prohibit Transfer or Expenditure of Funds/Assets/Property now under review was entered on August 24, 2006. The trial court found Margaret M. Gray faced immediate and irreparable injury, if the temporary injunction was not entered without notice to the defendants, appellants here, because "the actions of the Defendants as alleged thus far indicate that they have no intention of returning Plaintiff's assets to her and she risks becom[ing] destitute without access to her assets." On this stated rationale, the trial court ordered that bank accounts of the defendants be frozen and ordered the defendants not to sell, encumber, transfer or expend any assets, funds, or property which had been in Margaret M. Gray's name prior to May 26, 2006.

II.
Raising grounds like those urged on appeal, the defendants alleged in a motion to dissolve filed on August 29, 2006, that Florida Rule of Civil Procedure 1.610(a)(2) (2006) required endorsing the temporary injunction with the date and hour of its entry, which was not done; that a temporary injunction could only issue without hearing and notice when the facts were shown by affidavits or verified pleadings, but that the amended complaint was neither *957 verified nor accompanied by supporting affidavits; and that a bond was required, but that none was posted in this case. In addition, the defendants argued that the order did not include findings of fact showing that the plaintiff had an inadequate remedy at law or that success was likely on the merits because, by signing the warranty deed and durable power of attorney, Margaret M. Gray "contradicted" the allegations she made in the amended complaint.
On August 30, 2006, before the evidentiary hearing took place, Ms. Gray, through her attorney, filed a second, this time Verified Emergency Motion for Injunction to Freeze or Prohibit Transfer or Expenditure of Funds/Assets/Property. The motion made substantially the same allegations as the original motion, and included the following: "The foregoing instrument was acknowledged before me on this 30th day of August, 2006 by Ronald J. Davis, III, who is personally known to me and did take an oath." (Mr. Davis was Ms. Gray's attorney, which fact became the basis for a challenge to the verification.) The same day, Ms. Gray also filed four affidavits in support of her renewed, verified motion for temporary injunction.[2]
The trial court entered at least one order after hearing evidence on the motion to dissolve the temporary injunction without notice, which modified the injunction by removing two of the defendants whom the original, temporary injunction had enjoined. The original, temporary injunction without notice, in which the appellants contend deficiencies existed, and which is the subject of their appeal, was thus modified and superseded pro tanto. See generally City Gas Co. of Fla. v. Ro-Mont S. Green Condo. "R", Inc., 350 So.2d 790, 791 (Fla. 3d DCA 1977).

III.
A temporary injunction may be entered without notice to an opposing party when "it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant certifies to facts explaining why notice should not be required and recounts any attempts to give notice to the opposing party. Fla. R. Civ. P. 1.610(a)(1)(A)-(B) (2006). See also Fla. High Sch. Activities Ass'n, Inc. v. Marsonek, 805 So.2d 868, 870 (Fla. 2d DCA 2001).
Under Florida Rule of Civil Procedure 1.610(a)(2) (2006), "[n]o evidence other than the affidavit or verified pleading" is to be used to support an application for a temporary injunction, if the adverse party is not noticed for (and does not appear at) an evidentiary hearing. The rule requires that an injunction granted without notice define the threatened injury, contain findings demonstrating why the threatened injury may be irreparable, give reasons why the injunction was granted without notice to the opposing party, and include the date and hour of its entry. See Fla. R. Civ. P. 1.610(a)(2) (2006). The rule also specifies that an injunction should not be granted unless the party applying for the injunction gives a bond conditioned on the payment of any costs and damages the opposing party may sustain, if wrongfully enjoined. See Fla. R. Civ. P. 1.610(b) (2006).
*958 Parties against whom a temporary injunction is entered without notice may appeal the injunction. See Fla. R.App. P. 9.130(a)(3)(B) (2006); Hotel-Motel, Rest. Employees & Bartenders Union, Local 339 of Broward County v. Black Angus of Lauderhill, Inc., 290 So.2d 479, 482 (Fla. 1974) ("[A] defendant may take an interlocutory appeal from an order issuing a temporary injunction without notice and seek review of the legal sufficiency of the complaint and supporting affidavits. The appellate court may not review the factual matters unless a motion to dissolve is filed and a hearing held."). And such an appeal may rest on grounds like those Jimmy Gray and Frances C. Gray urge here, viz., that the temporary injunction entered against them without notice should be reversed because it did not state the time (date and hour) it was enteredeven though such an injunction does not expire automatically the way temporary restraining orders expired under the prior version of the rule; because the temporary injunction was issued without requiring that a bond be posted; and because it lacked supporting affidavits when issued. See Vargas v. Vargas, 816 So.2d 238, 238 (Fla. 2d DCA 2002) ("The party seeking a temporary injunction without notice must file a verified pleading or affidavit that alleges specific facts showing immediate and irreparable harm and must detail any efforts made to give notice and the reasons why notice should not be required.").

IV.
But parties against whom a temporary injunction is entered without notice may elect, instead of taking an appeal, to ask the trial court to dissolve the temporary injunction. See Fla. R. Civ. P. 1.610(d) (2006) ("A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion."); Hathcock v. Hathcock, 533 So.2d 802, 804 (Fla. 1st DCA 1988) ("[W]hile a defendant against whom a temporary injunction is entered without notice may seek immediate appellate review, clearly the preferred practice is for the defendant to present the alleged deficiencies to the trial court via a motion to dissolve pursuant to Rule 1.610(d)."). The defendants made this choice by filing Defendants' Motion to Dissolve Temporary Injunction Entered Without Notice and Without Bond. See generally State v. Beeler, 530 So.2d 932, 933-34 (Fla.1988).
The trial court in Beeler issued a temporary injunction without notice, as was done here, then, after a hearing on a motion to dissolve, refused to alter the temporary injunction in any particular, continuing it in force unmodified. See id. at 933. The case reached the Florida Supreme Court, which discussed options open to litigants against whom a temporary injunction has been entered:
After a trial court issues a temporary injunction, a defendant has two options. He may question the lack of prior notice by immediately appealing the injunctive order . . . or he may file a motion to dissolve with the trial court. With the latter option notice becomes irrelevant because the defendant is present, and the burden would be on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.
Beeler did not [immediately] appeal the injunction. Instead, he elected to have the issue of prior notice reviewed by the trial court on motions to dissolve. Once the opposing party has received the benefit of notice and an opportunity to be heard at a hearing on the motion to dissolve, any issue regarding prior notice is moot. Therefore, the party against whom a temporary injunction without notice is issued may not attack *959 the lack of notice by appealing the order denying the motion to dissolve.
Id. at 934 (citations omitted). Here, too, the parties did not immediately appeal the temporary injunction without notice but "elected to have the issue of prior notice reviewed by the trial court on the motion to dissolve." Appellants complain about more than lack of notice, but they had an opportunity to be heardon all matters[3] at the hearing convened at their instance, during which they could have put Margaret M. Gray's evidence to the test, and adduced any evidence of their own.
By the time the appeal was filed, the evidentiary hearing[4] on the motion to dissolve had already begun: during a recess, the appellants filed a notice of appeal of the temporary injunction without notice. For reasons that are unclear, the evidentiary hearing came to a stop soon thereafter. The facts have still not been fully developed, although Margaret M. Gray presumably put on evidence at the hearing, as the proponent of the temporary injunction. Compare Torok v. Blue Skies Mobile Home Owners Ass'n, Inc., 467 So.2d 474, 475 (Fla. 5th DCA 1985) (quashing injunction where "no proofs whatsoever were offered by appellee" at a hearing on a motion under the prior rule to dissolve a preliminary injunction).
The appellants have not furnished the court with a transcript of the evidentiary hearing, so it is impossible to determine whether evidence supported modifying the injunction, rather than dissolving it. At the same time, by asking for and being afforded a hearing on their motion to dissolve, appellants have rendered their technical complaints about the evidentiary predicate for the original, temporary injunction without notice moot. But see Doss v. Doss, 643 So.2d 1170, 1171 (Fla. 2d DCA 1994) (declining to dismiss appeal from temporary injunction without notice as moot where the order after evidentiary hearing had not been reduced to writing).

VI.
Modeled on the federal scheme, the version of Florida Rule of Civil Procedure 1.610 in effect from 1980 to 1984 authorized ex parte entry only of temporary restraining orders that automatically expired in ten days: Injunctive relief beyond the ten-day period required an evidentiary showing at a duly noticed hearing. But our supreme court revised Rule 1.610 in 1984, explaining:

*960 Temporary restraining orders entered subject to the rigid time limitations were automatically dissolved when courts were unable to fit the hearings required for imposition of a preliminary injunction into crowded dockets. The revised rule does away with temporary restraining orders and restores the former procedure for temporary and permanent injunctions.
In re Amendments to Rules of Civil Procedure, 458 So.2d 245, 246-47 (Fla.1984) (citations omitted). This revision notwithstanding, a temporary injunction without notice stands on a different footingeven under the amended rulethan an injunction entered, continued, or modified after an evidentiary hearing.
Although current Florida procedures differ significantly from comparable federal procedures, what was said in Connell v. Dulien Steel Prods., Inc., 240 F.2d 414, 418 (5th Cir.1957), a half century ago about temporary restraining orders is not without relevance to temporary injunctions issued under Rule 1.610(a) without notice:
The practical reasons for not generally allowing appeals from temporary restraining orders are that (1) they are usually effective for only very brief periods of time, far less than the time required for an appeal (which accounts for the paucity of cases on this point), and are then generally supplanted by appealable temporary or permanent injunctions, (2) they are generally issued without notice to the adverse party and thus the trial judge has had opportunity to hear only one side of the case, and (3) the trial court should have ample opportunity to have a full presentation of the facts and law before entering an order that is appealable to the appellate courts. Where, as here, the duration of the order barely extends beyond 20 days and even though issued after notice (perhaps insufficient) we think it is not a temporary injunction and appealable. Appellant should have waited for another two weeks from the date on which he filed this appeal, at which time the trial court could have disposed of the question. . . .
It is also trueunder the current Florida procedures, no less than under the federal proceduresthat appeals like the present one pose "a real danger that [appellate proceedings] would interfere with continuing [trial] court proceedings." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3922.1 at 86-87 (2d ed.1996).
In City Gas, "[t]he principal grounds urged for reversal [we]re alleged defects in the procedures utilized by the chancellor at the time of the entry of the temporary injunction," but the reviewing court "determine[d] th[e] appeal not on the record as [it] was before the chancellor at the time of the entry of the temporary injunction, but as the record was at the time the motion to dissolve came on for hearing." 350 So.2d at 791(applying the pre-1980 procedure that was restored in 1984). A motion to dissolve having come on for hearing in the present case, too, we likewise deem it inappropriate to address grounds urged for reversal based on "alleged defects in the procedures utilized by the chancellor at the time of the entry of the temporary injunction" without notice, alleged defects that may no longer inhere in the modified temporary injunction, now that a hearing on the motion to dissolve has been convened. Id.
Dismissed.
BARFIELD and POLSTON, JJ., concur.
NOTES
[1] Because the present appeal is from a non-final order, further proceedings on the motion to dissolve need not await (and may not in fact have awaited) the conclusion of the appeal. See Fla. R.App. P. 9.130(f) (2006) ("In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review."). See generally Citizens Prop. Ins. Corp. v. Scylla Props., LLC, 946 So.2d 1179, 1181-84 (Fla. 1st DCA 2006). No party has offered any reason why the hearing on the defendants' motion to dissolve ought not proceed to a conclusion in the trial court (if it has not already done so.)
[2] One affidavit was filed by Mr. Davis and three affidavits were filed by members of the staff at the nursing home. All attested to the facts alleged in the motion for the temporary injunction. The defendants filed a motion to strike the verified motion for temporary injunction and a motion to strike the affidavits on September 7, 2006.
[3] At the evidentiary hearing, the defendants objected, inter alia, to the hearing's starting two days later than the five-day deadline for hearings held on motions to dissolve injunctions issued without notice. See Fla. R. Civ. P. 1.610(d) (2006). The appellants did not below, however, and do not on appeal, point to any concrete prejudice attributable to the two-day delay in beginning the hearing. When asked how the two-day delay prejudiced them, defendants' counsel argued only and nonspecifically that it was a violation of their due process rights. The defendants acknowledged that the fifth day after the request for a hearing fell on Monday, September 4, 2006, a holiday. They asked to be heard on Tuesday, September 5, 2006, but Ms. Gray's attorney was out of town, and the hearing did not begin until September 7, 2006. The trial court noted the objection and proceeded on the merits until the defendants took this appeal from entry of the original, temporary injunction.
[4] That the hearing was for the taking of evidence distinguishes the present case from Jones v. Jones, 761 So.2d 478, 480 (Fla. 5th DCA 2000). The Jones hearing was noticed, not as an evidentiary hearing, but as a hearing on the "legal sufficiency of the temporary injunction and the manner in which it had been procured." In the present case, the original, temporary injunction gave notice that the hearing was on whether to continue, modify, or dissolve the temporary injunction. A second notice of hearing issued on August 30, 2006 (after the motion to dissolve was filed), specifically scheduled an "Evidentiary Hearing" for September 7, 2006.