PER CURIAM.
Brian Patrick Barrett [“Appellant”] challenges two orders of the lower court granting a temporary injunction and a permanent injunction against him as a result of a breach of a material provision of the parties’ executed Marital Settlement Agreement. We reverse in part and remand.
A temporary injunction was entered without notice to Appellant on May 2, 2006. The order included a notice of a status hearing on the temporary injunction to be held on'May 30. Additionally, on May 10, Appellee served a separate notice of the May 30 status conference. At the status conference, the trial court ordered that the temporary injunction be converted to a permanent injunction.
In order for the court to enter a temporary injunction without notice, Florida Rule of Civil Procedure 1.610 requires an affidavit or verified pleading that alleges specific facts showing immediate and irreparable injury, loss, or damage. See Lucero v. Lucero, 793 So.2d 144, 146 (Fla. 2d DCA 2001). The rule further provides, in subsection (b), that a bond must accompany the issuance of a temporary injunction. Here there was no verified pleading or affidavit and no bond was ordered. Nor did the order contain the necessary findings.
It was also error to convert the temporary injunction into a permanent injunction at the status hearing. The May 30th hearing was noticed only as a “status conference” on the temporary injunction, not for the purpose of a permanent injunction. Appellant’s counsel appeared specially only to contest the issue of personal jurisdiction. There was no adequate notice or opportunity for Appellant to present his evidence on the issue of a permanent injunction. See Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA 1984).
Although entitled a permanent order, the second order did correct all the deficiencies in the first temporary order, save one. The second injunction is still deficient for the lack of a bond. We therefore remand to the trial court to either comply with Florida Rule of Civil Procedure 1.610(b) or vacate the injunction.
REVERSED in part and REMANDED with instructions.
GRIFFIN, ORFINGER and TORPY, JJ., concur.