ROTHENBERG, J.
Harambam Congregation, Inc. (“Haram-bam”) appeals from a non-final order granting Simcha Connection, Inc., et al.’s (“Simcha”) motion to dissolve a temporary injunction based on Harambam’s failure to certify pursuant to Florida Rule of Civil Procedure 1.610(a)(1)(B). Because Simcha elected to file a motion to dissolve the temporary injunction rather than appeal the injunctive order, and because Simcha was present and received the benefit of notice and an opportunity to be heard at a hearing on the motion to dissolve, all issues regarding notice, including Haram-bam’s failure to certify under rule 1.160(a)(1)(B), became moot. Accordingly, we conclude the trial court erred in granting Simcha’s motion to dissolve the temporary injunction, and reverse.
The relevant facts are as follows. In 2003, Harambam agreed to lease portions of its synagogue to Rabbi Faivish Dalfin and Simcha.[1] In 2009, when Simcha stopped paying rent, Harambam instituted an eviction action, and sent Simeha a notice of termination of tenancy. After receiving the notice, Harambam claims Simcha attempted to: (1) take over Har-ambam by holding a corporate organizational meeting without providing notice to Harambam’s members or its board of directors; (2) elect a “usurper board of directors” comprised of the appellees; (3) file a fraudulent corporate report with the Florida Secretary of State on behalf of Harambam; and (4) retain an attorney on behalf of Harambam to intervene in the then-pending eviction action in an attempt to have the suit dismissed.
On March 4, 2011, Harambam filed the instant action seeking injunctive relief to regain control of the corporation and to enjoin Simcha from filing any further papers with the Secretary of State or asserting any claim that Simcha’s constituents were the rightful members of Harambam’s board of directors. On the same day, Har-ambam filed an ex parte motion for a temporary injunction to prevent Simcha from engaging in various corporate actions on behalf of Harambam, which the trial court granted.
On March 30, 2011, Simcha filed a motion to dissolve the temporary injunction (the “initial motion to dissolve”), arguing that Harambam failed to satisfy subsections (a)(1)(A) and (a)(1)(B) of Florida Rule of Civil Procedure 1.610, which provides:
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
*1115 (A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant’s attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.
On March 31, 2011, the trial court conducted an “emergency hearing” on Sim-cha’s initial motion to dissolve the temporary injunction based on Simcha’s concern that Harambam would alienate certain real property while counsel for Simcha was on vacation. The trial court, however, did not reach the merits of the motion at this hearing. Instead, given Harambam’s willingness to stipulate to an order that would prevent Harambam from selling the property until after the initial motion to dissolve was heard, the trial court determined there was no real emergency, postponed the hearing, and entered an order preventing Harambam from selling the property until the motion to dissolve was heard by the court.
On June 17, 2011, Simcha filed a second motion to dissolve the temporary injunction, which is the basis of the order on appeal. In this motion, Simcha did not argue that Harambam’s ex parte motion violated subsection (a)(1)(A) of rule 1.610. Simcha’s only argument supporting its second motion to dissolve was that Haram-bam’s ex parte motion violated subsection (a)(1)(B) of rule 1.610 because it did not include a certification by Harambam’s counsel stating what efforts had been made to notify Simcha and the reasons why notice should not be required.
After conducting a hearing on Simcha’s second motion to dissolve, the trial court orally granted the motion based on Har-ambam’s failure to certify. Harambam thereafter filed a motion for rehearing. The trial court conducted a hearing, ruled that the temporary injunction “stands dissolved,” and entered a written order granting Simcha’s motion to dissolve the temporary injunction. This appeal followed.
On appeal, Harambam contends that pursuant to State v. Beeler, 530 So.2d 982, 934 (Fla.1988), Simcha’s filing of a motion to dissolve the injunction with the trial court rendered moot all issues relating to notice, including Harambam’s failure to certify pursuant to rule 1.610(a)(1)(B). We agree.
In Beeler, the Florida Supreme Court held that “[ajfter a trial court issues a temporary injunction, a defendant has two options. He may question the lack of pri- or notice by immediately appealing the injunctive order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), or he may file a motion to dissolve with the trial court.” Id. at 934. By electing the latter option and challenging the temporary injunction via a motion to dissolve, “notice becomes irrelevant because the defendant is present, and the burden would be on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.” Id. More specifically, “[ojnce the opposing party has received the benefit of notice and an opportunity to be heard at a hearing on the motion to dissolve, any issue regarding prior notice is moot.” Id. As a result, “the party against whom a temporary injunction without notice is issued may not attack the lack of notice by appealing the order denying the motion to dissolve.” Id.
In this case, Simcha did not immediately appeal the injunction. Instead, Simcha challenged the validity of the injunction by proceeding under the second Beeler option and filing motions to dissolve. At the *1116 hearing conducted by the trial court on Simcha’s second motion to dissolve, Sim-cha challenged the granting of the ex parte motion on the ground that counsel for Harambam failed to include the notice certification required by rule 1.610(a)(1)(B):
Your Honor, we’re moving to dissolve the injunction because it was entered without the certificate required by rule 1.610(a)(1)(B) which requires that the attorney for the movant certify in writing any efforts that have been made to give notice or reason why notice should not be required.
In the motion for temporary injunction, which was done ex parte without the certificate, the case law is quite clear. In the absence of such a certificate, the injunction should be dissolved. I have three cases I gave to Counsel right here.
Based on Beeler, we conclude that because Simcha was present and “received the benefit of notice and an opportunity to be heard at a hearing on the motion to dissolve, any issue regarding prior notice,” including Harambam’s failure to satisfy the notice certification requirements of rule 1.610(a)(1)(B), “[became] moot.” Beeler, 580 So.2d at 934.
Simcha attempts to distinguish this case in two ways, neither of which is availing. First, Simcha argues that Harambam’s failure to certify is not an “issue regarding prior notice,” but an entirely independent, technical deficiency under rule 1.610(a)(1)(B). On this reasoning, Simcha argues that its filing of a motion to dissolve did not render Harambam’s failure to certify moot, because Beeler did not specifically address a movant’s failure to certify under rule 1.610(a)(1)(B). Simcha advanced this same contention at the hearing on the motion to dissolve, and the trial court adopted and relied on this logic in dissolving the injunction.
We disagree, and conclude that Harambam’s failure to certify pursuant to rule 1.610(a)(1)(B) constitutes “an issue regarding prior notice.” Rule 1.610(a)(1)(B) prevents a trial court from granting a temporary injunction unless “the movant’s attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.” (emphasis added). As is clear from the plain language of the certification requirement, rule 1.610(a)(1)(B) is one of several mechanisms designed to allay the potential due process concerns that are inherent in a trial court’s issuance of an order without notice. Specifically, the certification requirement helps to “assure that ‘a court ... never issue[s] an ex parte order without notice to defendants and without a hearing, unless an immediate threat of irreparable harm exists, which forecloses opportunity to give reasonable notice.’” See United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So.2d 773, 776 (Fla. 1st DCA 1996) (quoting Lieberman v. Marshall, 236 So.2d 120, 125 (Fla.1970)). Consistent with this reasoning, the Fourth District in Sunplus Credit, Inc. v. Office of the Attorney Gen., Dep’t of Legal Affairs, 752 So.2d 1225, 1227 (Fla. 4th DCA 2000), expressly characterized a movant’s failure to certify under rule 1.610(a)(1)(B) as an issue regarding prior issue, stating:
Appellants argue that the motion for temporary injunction was deficient because it did not contain certification by plaintiffs counsel describing the efforts made to give notice and reasons why notice should not be required. See Fla. R. Civ. P. 1.610(a)(1)(B), (C). We disagree. Where the defendant has received the benefit of notice and an opportunity to be heard at a hearing on a motion to dissolve, any issue regard *1117 ing prior notice is moot. State v. Beeler, 530 So.2d 982, 984 (Fla.1988).
(emphasis added). We agree with the Fourth District in Sunplus and reject Sim-cha’s argument to the contrary.
Lastly, Simcha argues that based on Gray v. Gray, 958 So.2d 955 (Fla. 1st DCA 2007), only a trial court’s holding of an evidentiary hearing on a motion to dissolve renders a movant’s failure to certify moot. We, however, do not read Gray as requiring an evidentiary hearing, and instead read Gray as further support for this Court’s ruling.
In Gray, the defendants filed a motion to dissolve with the trial court, arguing that the temporary injunction entered against them without notice should be reversed because the injunction did not state the time it was entered, lacked supporting affidavits, and was issued without requiring that the plaintiffs post a bond, in violation of rule 1.160(a) and (b). The trial court conducted an evidentiary hearing and, during a recess, the defendants filed a notice of appeal with the First District. The First District dismissed the appeal, holding that “by asking for and being afforded a hearing on their motion to dissolve, appellants have rendered their technical complaints about the evidentiary predicate for the original, temporary injunction without notice moot.” Id. at 959. The fact that the trial court in Gray happened to have conducted an evidentiary hearing does not suggest that an evidentia-ry hearing is a necessary element in rendering the defendants’ arguments moot.
In sum, Simcha rendered Harambam’s failure to certify moot by electing to file a motion to dissolve rather than a notice of appeal, and by being present and receiving the benefit of notice and an opportunity to be heard on the motion to dissolve. Accordingly, we reverse the trial court’s order granting Simcha’s motion to dissolve, and remand for a determination as to whether Harambam can demonstrate that the complaint and supporting affidavits are sufficient to support the injunction issued.
Reversed and remanded with instructions.

. Rabbi Dalfin formed Simcha to raise money for his own congregation named "Or Mena-chem.”